DANIEL HYDEN, plaintiff in error, *vs.* the STATE OF GEORGIA, defendant in error.

1. The order of a magistrate, sitting as a Court of inquiry, to determine whether one arrested under a bastardy warrant shall be committed or recognized to appear at the Superior Court, to answer, etc., is not such a judgment as can be pleaded in bar to a subsequent inquiry under a new warrant for the same offense.

2. The judgment of a committing Court, that the defendant be committed or give bond, etc., can not be corrected by the Superior Court by *certiorari.*

3. When a magistrate, after a hearing, orders a prisoner under arrest to be committed, or give bond to appear at the Superior Court, to answer, it is illegal for the magistrate to give judgment against the prisoner for the costs, other than the costs of his own witnesses, and such illegality may be corrected by *certiorari.*

*Certiorari.* Bastardy. Costs. Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1869.

Malinda Loggins made affidavit that Hyden was the father of her bastard child, and that it was likely to become chargeable to the county. On the 9th of May, 1868, a Justice of the Peace issued a warrant against Hyden and he was arrested. At the trial, Hyden's attorneys produced an affidavit made by her, charging the same facts, before the Judge of the County-Court of said county on the 26th of March, 1868, a warrant by said Judge, the entry of an arrest of Hyden upon it, and a judgment dated April the 2d, 1868, declaring that Hyden was not the father of the child, and that he be discharged. They pleaded this judgment in bar of further proceedings upon the last warrant, and moved to dismiss it. The motion was overruled by the Justices of the Peace who were presiding.

Malinda Loggins, while she reluctantly admitted that others had carnal knowledge of her, about nine months before the birth of the bastard, swore that Hyden was its father, and that she had never said another person was. Besides this, there was no evidence of Hyden's intimacy with her, except that he visited the house where she once lived, and some of her family testified that Hyden admitted that the child was his, had a private interview with her, and gave Malinda

Hyden *vs.* State of Georgia.

some money to support it,- etc. The defendant showed by reputation and fact, that she long had been a common whore, that she lived, about nine months before the birth, in a house with three rooms; one occupied by a young man, another by a negro, and the other by her; and that she had said that that young man, and not Hyden, was the father of her child. Besides, many witnesses testified that they would not believe her on oath. Hyden's visits to the house were met by evidence that he was attending to business for the landlady, and his giving the small sums of money, etc., were met by evidence that he were a man of good character, a member of the church, very charitable, and had heard the report that he was charged with being the father, and had said interview with Malinda to stop the report.

The Justices ordered that Hyden give bond, in the sum of $750 00, for the support and maintenance of the child, or be bound to appear at the Superior Court, to answer the charge of bastardy, (or, in default of giving said last bond, be committed to jail,) and ordered that he pay immediately all the costs, and the fees of all the witnesses who had been subpœnaed and appeared, without regard to who had subpœnaed them, or whether they had been sworn and testified. Hyden's counsel sued out a *certiorari* to the Superior Court, averring that said Justices erred in hearing said case, after the proof of the former discharge, and in ordering said costs paid *then,* and in ordering so much costs paid, specifying why parts of it were not legally taxed.

After argument, Judge Knight dismissed the *certiorari,* and that is assigned as error.

GEORGE D. RICE, H. P. BELL, for plaintiff in error, as to the conclusiveness of the first trial, cited Irwin's Code, secs. 2846, 3519, 3773, 4602; 2d Kelly, (Ga. R.,) 329; 8th Ga. R., 143; 9th, 247; 16th, 578; 20th, 90; as to collecting costs, at date of commitment: Irwin's Code, sec. 4602; said *certiorari* was the proper writ in this case: Irwin's Code, secs. 3980, and 3977; 39th Ga. R., 39.

No appearance for the State.

. McCay, J.

1. We see nothing in the Bastardy Act which alters the nature of the proceedings had under it, from the proceedings at other Courts of Inquiry. The judgment of the magistrate is not final, and settles nothing as to the guilt or innocence of the defendant. If the defendant pleases, he may give a bond to support the child, but if he declines, the judgment of the magistrate is only that he be committed, or give bond to answer, as in other cases.

2. It is unheard of, that the mere precautionary act of a magistrate, in determining that a prisoner, under arrest, shall be bound over, or be committed, may be corrected by *certiorari*. No member of this Court has yet heard of such an instance in our practice, and the absence of such an instance, is a strong reason for the conclusion, that the general words of the Constitution, giving to the Superior Court power to correct the errors of inferior judicatories, do not include such a judgment. The truth is, the judgement is nothing but that the defendant must answer to the Superior Court, and it is wholly useless to correct by *certiorari* that which, by the very terms of the judgment, has been already referred to the Superior Court. We think, therefore, that this *certiorari* ought not to have been sustained, so far as it asks a review of the action of the Justices, in binding the defendant over.

3. But, we think there was error in the matter of costs. A Court of Inquiry has not a right to give final judgment against the defendant, for any costs, (except of his own witnesses.) If the defendant is bound over, the costs, except that of his own witnesses, abide the event. See Code, section 4602. So far as this petition claims that the Court erred in giving judgment and issuing execution for the cost of the State's witnesses, it was well founded, and as the answer admits that to have been done, the *certiorari* ought to have been sustained on that point, and the judgment of the magistrates should be modified, so as to conform to the law.

Judgment reversed.