## Culver v. The State.

If by false statements that he was the owner of a certain plantation of a given value, upon which he lived, the accused induced the sale to himself of goods for which he failed to pay, he could not relieve himself of the charge of cheating and swindling by showing that he really owned certain other property of much less value.

November 21, 1890.

Cheating and swindling. Criminal law. Evidence. Before Judge Eve. City court of Richmond county. November adjourned term, 1889.

Reported in the decision.

J. T. Jordan, by Harrison & Peeples, for plaintiff in error.

C. H. Cohen, solicitor, and M. P. Foster, contra.

Blandford, Justice.

Culver was indicted under section 4587 of the code of this State, and convicted of cheating and swindling. It appears from the evidence for the State that he represented that he was the owner of a certain plantation, of a given value, upon which he lived, by which representations the prosecutor sold to him certain goods mentioned in the indictment. He also represented the value of the plantation and what he himself was worth over and above his debts. The State showed by evidence which is undeniable that he did not own the plantation upon which he lived, but that he rented the same, and that the same belonged to another person. Culver, the defendant, then offered to prove by the witness who so testified that he (Culver) owned another place of the value of $800, or some such sum, and merchandize worth $1,000. This testimony was objected to; the court sustained the objection, and this is the only error relied upon before this court by counsel for the plaintiff in error.

We think the court below committed no error in re-
fusing to allow this testimony. If the statements
made by Culver to the prosecutor were false, and by
reason of such false statements the prosecutor was in-
duced to sell him the goods, for which he failed to pay,
then we think he could not relieve himself by showing
that he owned other property and of much less value
than the property which he represented to the prose-
cutor was owned by him. If he, by false represen-
tations, defrauded the prosecutor of any goods, which
the prosecutor was induced to sell him by reason of the
false representations which were testified to in this case,
we do not think it was admissible for him to attempt to
relieve himself by showing that he had other property
of much less value than that which he represented to the
prosecutor he was the owner of. So we think the
judgment of the court rejecting this evidence was right.

We say nothing, and make no intimation, as to
whether the indictment in this case was sufficient or
not, as no such question was made before us.

The judgment of the court below is        *Affirmed.*