## BUSBY *v.* THE STATE.

It is essential to the legality of a conviction, under Penal Code, § 670, for cheating and swindling, that the person alleged to have been defrauded and cheated shall have sustained some pecuniary loss. Accordingly, where, in an indictment under that section of the Penal Code, the averments of facts, set out for the purpose of showing how the prosecutor was defrauded and cheated by the accused, fail to show that the alleged deceitful means and artful practice used by the latter caused any pecuniary loss to the former, such indictment is fatally defective.

Submitted July 19, — Decided August 9, 1904.

Accusation of cheating and swindling.          Before Judge Hamilton. City court of Floyd county.          June 21, 1904.

*M. B. Eubanks,* for plaintiff in error.

*Moses Wright, solicitor-general,* contra.

FISH, P. J.          Alex. Busby was indicted, under the Penal Code, § 670, for the offense of being a common cheat and swindler.          So much of the indictment as is relevant to our purpose was as follows: "the said Alex. Busby, . . with intent to defraud one S. A. Harris, did knowingly falsely and fraudulently represent to said S. A. Harris that he was the owner of certain chestnut oak timber near Mount Alto about five miles from Rome, Ga., which said timber the said Alex. Busby then pointed out to said S. A. Harris.          Relying upon the truth of said representation so made by said Busby, said Harris was induced to purchase said timber for

the purpose of cutting tan-bark, and he contracted to pay said Busby for the tan-bark so cut the sum of seventy-five cents per cord; and after having in good faith cut about fifty cords of tan-bark from said timber worth to said Harris about fifty dollars above the purchase-price thereof, the said Harris learned, as was a fact, that said Busby was not the owner of said timber, and he was thereby cheated and defrauded in the sum of fifty dollars, and the said Busby well knew at the time he made the contract with said Harris that he was not the owner of said timber." The accused demurred upon several grounds, one of which was that the allega-tions of fact set out in the indictment to show that Harris was defrauded failed to show that he suffered any pecuniary loss. The demurrer was overruled, and the accused excepted.

The section of the Penal Code under which the indictment was drawn declares: "Any person using any deceitful means or artful practice, other than those which are mentioned in this Code, by which an individual, or the public, is defrauded and cheated, shall be punished as for a misdemeanor." It has been several times held, that, to constitute an offense under this section, the deceitful means and artful practice used must result in some injury or dam-age to the person alleged to have been defrauded or cheated, that he must not only have been deceived, but must also have been actually defrauded. *Berry* v. *State*, 97 *Ga.* 202; *Drought* v. *State*, 101 *Ga.* 544; *Rucker* v. *State*, 114 *Ga.* 13. Granting that, by the false and fraudulent representation of the accused that he was the owner of the timber, the prosecutor, Harris, was deceived and thereby induced to purchase the timber for the purpose of cutting tan-bark therefrom, and that he contracted to pay the accused for the tan-bark, to be cut, the sum of seventy-five cents per cord, and in good faith cut about fifty cords of bark, worth to him about fifty dollars above the price that he had contracted to pay the ac-cused therefor, and then learned that the accused was not the owner of the timber,— we say, granting all these allegations to be true, it does not follow, as the draughtsman of the indictment concluded, that the prosecutor was thereby cheated and defrauded in the sum of fifty dollars, or any other sum. All of these facts are perfectly consistent with the idea that the prosecutor never lost a cent in consequence of the false representation made to him by the accused. It does not appear from the indictment that the

prosecutor parted with anything of value. So far as the indictment shows, the prosecutor did not pay the accused anything for the timber or the bark, nor does it appear that he paid anything for having the bark cut, nor does it appear that he ever lost the timber or the bark, or had to pay the true owner anything for the timber or the bark, or more than he contracted to pay the accused for the same. The demurrer did not admit the mere conclusion of the pleader that, from the facts alleged, the prosecutor was cheated and defrauded in the sum of fifty dollars. It is perfectly clear that he could not have been cheated and defrauded out of the difference between the price that he had agreed to pay the accused and what the bark cut was, or would have been, worth to him. We are of opinion that the demurrer to the indictment should have been sustained.

*Judgment reversed. All the Justices concur.*