### 2934.   CONNOR *v.* THE STATE.

The evidence being insufficient to show that the buggy alleged to have been sold by the defendant to the prosecutor was in fact subject to a lien superior to the right acquired by the prosecutor as purchaser, and there being, for that reason, no proof that the prosecutor had sustained loss in consequence of the representation made by the defendant, his conviction was unauthorized and contrary to law.

DECIDED JANUARY 31, 1911.

Accusation of cheating and swindling; from city court of Eastman—Judge Griffin. June 30, 1910.

*Earl Camp,* for plaintiff in error.   *C. W. Atwill, solicitor,* contra.

RUSSELL, J.   The defendant in the court below was convicted of violation of section 669 of the Penal Code of 1895, which declares that "any person who shall, in the sale or disposing of any property, either real or personal, defraud another by falsely representing that such property is not subject to any lien, knowing the same to be subject thereto, . . shall be punished as for a misdemeanor." Several of the grounds of the motion are not approved, and only one of the approved grounds requires discussion. We refer to the third ground, in which it is assigned as error that the verdict and judgment is contrary to law, and that the evidence fails to show that there was outstanding any valid lien on the property in question, and that if so, it was not properly asserted, so far as the evidence is concerned, so as to make the defendant criminally liable.

We think the complaint urged by this ground of the motion is sustained by the record, and that the evidence was insufficient to authorize the conviction of the defendant. Unquestionably the burden was upon the State to show that the representation made by the defendant at the time that he sold the prosecutor the buggy in question was not only untrue, but was the prime cause of the injury and loss to the prosecutor,—in other words, that due to the defendant's false statement, the prosecutor suffered a loss to which otherwise he would not have been subjected. While it must be proved as a premise that a statement made by one who has sold property and is charged with a violation of section 669 of the Penal Code was false, that is not enough, unless it is made to appear, as legitimately deducible therefrom, that loss necessarily and legally resulted. In the present case the only testimony upon the subject of false statement or loss is as follows. Mr. Register, the prosecutor, testified that the defendant told him that the buggy was paid for; and Mr. Wynne testified that it was not paid for, that he had a mortgage on it. The defendant in his statement merely denies that he told the prosecutor that the buggy was paid for, and asserts, on the contrary, that he told him the title to the buggy was in Mr. Wynne. From the verdict it must be assumed to be true that the defendant told the prosecutor that the buggy was paid for. Evidently the jury did not believe the defendant's statement to the effect that he told the purchaser at the time of the bargain that the title to the buggy was in Wynne. Granting it is proved then that the defendant made a false statement as to his ownership of the buggy, what evidence is there that the prosecutor sustained any loss by reason of this statement? Wynne says he had a mortgage on it, and the prosecutor says that the buggy was taken away from him by Wynne and a deputy sheriff. This does not prove, however, sufficiently for the purpose of a criminal case, that the fact that Wynne had a mortgage occasioned the prosecutor's loss of the buggy. Disregarding the fact that no mortgage was introduced, and that what the witness construed to be a mortgage might have in fact developed not to be one, for the reason that it was not properly executed or attested to constitute a mortgage, and granting that Wynne had a mortgage upon the buggy involved in this case, it does not follow that Register was obliged, for that reason, to surrender the buggy or to sustain any loss. Unless Register knew at

the time that he bought the buggy from the defendant that Wynne had a lien upon the buggy, his title to the buggy would be perfect, and his rights could not be affected by the fact that Wynne might have a mortgage or reservation of title on the buggy in question, unless the mortgage had been duly recorded. There is no evidence in this case that Wynne's mortgage was ever recorded, or that the prosecutor knew of its existence at the time that he bought the buggy from the defendant. If Wynne's mortgage was not recorded, and if the prosecutor yielded possession of the buggy and voluntarily waived his legal rights rather than to assert them, his loss is due to his own act, and not to the false representation of the defendant, however morally reprehensible the conduct of the defendant in making the false statement may have been. It devolved upon the State to prove that the loss which the prosecutor sustained was not merely contingent upon the defendant's false statement to some extent, but that the false statement was the means by which the prosecutor was defrauded. The fact that Wynne had a mortgage would not be the cause of the defendant's being defrauded or sustaining a loss, unless it appeared that the mortgage was such a paper as could legally take the property. In view of the prosecutor's ignorance of the existence of the mortgage, Wynne's mortgage in this case was not such a paper as could injuriously affect his rights, unless it had been recorded. This was not made to appear, and therein the State's case failed to show that it was by means of the defendant's false statement that the prosecutor was defrauded.

*Judgment reversed.*