## 3788. GANEY v. THE STATE.

RUSSELL, J. The evidence was insufficient to authorize the conviction. The corpus delicti was not established beyond a reasonable doubt. It appears, from the evidence, that the defendant has never refused to pay for the ax handle. His employer, a witness for the State, knew he was going for the ax handle and was going to get it from the prosecutor, and consented to his going for it. It further appears that the ax handle was purchased for the benefit of the defendant's employer, who owned the ax in which the handle was put, and is solvent and willing to pay the fair market value for the ax handle, but that the prosecutor has never asked him to pay him for it. Even if the evidence of the defendant's intent to defraud were plain, there is no evidence of loss on the part of the prosecutor, and the conviction of the defendant of cheating and swindling, under section 719 of the Penal Code (1910), was unauthorized. See *McGee* v. *State*, 97 *Ga.* 199 (22 S. E. 589); *Berry* v. *State*, 97 *Ga.* 202 (23 S. E. 833); *Drought* v. *State*, 101 *Ga.* 544 (28 S. E. 1013); *Busby* v. *State*, 120 *Ga.* 858 (48 S. E. 314). It is essential to the legality of a conviction under that section of the Penal Code that the person alleged to have been defrauded and cheated shall have sustained some pecuniary loss.

*Judgment reversed. Pottle, J., not presiding.*

DECIDED MARCH 19, 1912.

Accusation of cheating and swindling; from city court of Dublin—Judge Hawkins. September 23, 1911.

*R. Earl Camp,* for plaintiff in error.
*George B. Davis, solicitor, J. B. Green,* contra.