## SEXTON *et al. v.* BURRUSS.

ATKINSON, J. 1. A mortgage is sufficiently definite in the matter of descriptive averments of the land intended to be mortgaged, if the descriptive recitals are so definite as to render the tract capable of being located. *Atlanta &c. R. Co.* v. *A., B. & A. R. Co.,* 125 *Ga.* 529 (2), 540 (54 S. E. 736); *Reeves* v. *Allgood,* 133 *Ga.* 835 (3), 836 (67 S. E. 82); *Payton* v. *McPhaul,* 128 *Ga.* 510 (58 S. E. 50, 11 Ann. Cas. 163); *Singleton* v. *Close,* 130 *Ga.* 716 (2), 722 (61 S. E. 722).

(a) Accordingly, where a mortgage describing land as "forty acres of land lying and being in Milton County, known as the Peter Cogburn lot of land, and being lot number 618," was foreclosed, and the execution described the land in the same words, and the entry of levy described it in the same words, but added after the number of the lot the

words: "in the 2nd district and second section of said county and State," it was not erroneous, on the trial of a claim interposed by a third person, to admit the mortgage fi. fa. and entry of levy in evidence over the objection that the description was too indefinite and that the levy enlarged upon the description contained in the mortgage fi. fa.

(b) In connection with the documentary evidence mentioned above, there was extrinsic evidence to the effect that there was no other lot number 618 in the county known as "the Peter Cogburn lot of land," and that the lot which was levied upon was so known.

2. It was not error to admit in evidence a judgment of the court of ordinary setting apart the land as a year's support for the widow and her minor children, upon objection raised in a collateral attack, averring that the judgment was void because by its terms the year's support was subject to the claim of a creditor.

3. The evidence demanded the verdict directed by the court.

Judgment affirmed. All the Justices concur.
APRIL 11, 1917.

Claim. Before Judge Patterson. Milton superior court. March 6, 1916.

J. P. Brooke, for plaintiffs in error.

George F. Gober, C. L. Harris, and W. I. Heyward, contra.