### 16006.    TRIBBLE v. THE STATE.

BROYLES, C. J.   1.   Where a debtor who is the head of a family files a schedule of personal property which he claims to be exempt from levy and sale, under § 3416 of the Civil Code (1910), a burden or incumbrance is thereby imposed upon the property. *Gresham* v. *Johnson*, 70 *Ga.* 631 (1); *Rutledge* v. *McFarland*, 75 *Ga.* 774 (1); *Crowley* v. *Freeman*, 9 *Ga. App.* 1, 5 (70 S. E. 349). See also Civil Code (1910), § 3421.

(a) While the receiving and recording of such a schedule by the ordinary is a ministerial act, yet where the claim of exemption was filed in accordance with the statute, it will be presumed, until otherwise shown, that the homestead thus set apart is a valid one.

2.   In a prosecution for cheating and swindling, where the accusation charged that the accused defrauded named persons out of a certain sum of money which they lent to him on his representations that specified personal property belonged to him and was free from any lien *or incumbrance* (the accused also executing to them a bill of sale for the property), and where the State shows that the money was lent to the accused upon such representations, and that the representation that the property was free from any lien *or incumbrance* was false, and was known to be so by the accused when he made it, it is not incumbent upon the State to prove how, or to what extent, the lenders of the money were damaged thereby. The incumbrance upon the property is in itself proof of damage. *French* v. *State*, 4 *Ga. App.* 462 (61 S. E. 836).

3.   The petition for certiorari fails to disclose any material error upon the trial of the case, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 15, 1925.

Certiorari; from Fulton superior court—Judge Bell. October 20, 1924.

*R. R. Jackson, T. L. Lanford,* for plaintiff in error.

*John A. Boykin, solicitor-general, Roy Dorsey, solicitor,* contra.