759

### 21412. BOLTON v. THE STATE.

LUKE, J. 1. "There being no assignment [of error] in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings excepted to therein, no question is presented for decision under the exceptions pendente lite." *Hicks* v. *Brown Estate*, 38 *Ga. App.* 659 (2) (145 S. E. 99), and cit.

2. No question as to the sufficiency of the approval of the special grounds of the motion for a new trial was raised in the trial court; and "where a judge has finally passed on the merits of a motion for new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, . . no question as to these matters shall be entertained by the reviewing court unless first raised and insisted on before the trial judge." *Citizens Bank of Ludowici* v. *Todd*, 151 *Ga.* 475 (107 S. E. 486); Ga. L. 1911, p. 150, sec. 3; *Price* v. *State*, 170 *Ga.* 294 (152 S. E. 572).

3. In a prosecution for cheating and swindling, where the accusation charged that the accused defrauded named persons out of money, goods, or other specified things of value which they furnished to him on his representations that specified personal property belonged to him and was free of any lien or incumbrance (the accused also executing to them a mortgage-note covering such property), and where the State showed that the goods were furnished to the accused upon such representations, and that the representation that the property was free from any lien or incumbrance was false, and was known to be so by the accused when he made it, it was not incumbent upon the State to prove how, or to what extent, the furnishers of the goods were damaged thereby. The incumbrance upon the property was in itself proof of damage. *French* v. *State*, 4 *Ga. App.* 462 (61 S. E. 836); *Tribble* v. *State*, 33 *Ga. App.* 370 (2) (126 S. E. 272). Under this ruling there is no merit in the first special ground of the motion for a new trial.

4. The second special ground of the motion for a new trial complains of the following charge: "In order that the jury may have a thorough understanding of some of the points that were argued by counsel in the argument of the case, I charge you that a mortgage given to a merchant for supplies and fertilizers to enable the mortgagor to make a crop is not superior to a homestead exemption upon the property of the mortgagor set apart since the execution of the mortgage." This is not an incorrect instruction. See *Jones* v. *Spillers*, 9 *Ga. App.* 473 (71 S. E. 777). And it was authorized under the evidence and the argument of the case by counsel. The record shows that the sheriff, without objection, testified that he did not levy on certain of the property, as the accused had it "scheduled," and, as shown by the ground itself, counsel argued this matter to the jury.

5. The correct charge set out in the third special ground of the motion is not rendered erroneous by the failure of the court to charge additional matter not necessary under the evidence and the charge as given, and for which no request was made.

6. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED SEPTEMBER 4, 1931.

*Clarence E. Adams,* for plaintiff in error.
*R. Howard Gordon, solicitor,* contra.