### 28264.  DANIEL *v.* THE STATE.

DECIDED JULY 16, 1940.

*J. Herbert Johnson, Clarence H. Calhoun,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacINTYRE, J. Lucille Daniel was convicted of cheating and swindling, in the criminal court of Fulton County before a judge without a jury. Her certiorari was overruled, and she excepted. It appears that the defendant borrowed $50 from Ida Zelien and $450 from Mrs. Bertha Zelien, and represented to them at the time that her residence given as security in the following instrument was "free from all encumbrances or liens of every kind and character." The instrument was an ordinary promissory note for $500, payable to Mrs. Zelien 114 days after date. At the foot of the note was the following: "For full details see other side." On the reverse side was the following: "This note is to bear interest at the rate of 7 per cent. Said note is given against my residence at 10 Candler Road, Brookhaven, Georgia. Lucille Daniel."

14

■ The defendant moved to quash the accusation, on the grounds that there was a variance between the proof and the accusation, and that the evidence did not support the accusation. An indictment may be quashed on oral motion for any defect for which the judgment on it should be arrested; that is, for some defect appearing on the face of the record. *Gilmore* v. *State,* 118 *Ga.* 299 (45 S. E. 226) ; *Maddox Coffee Co.* v. *McHan,* 22 *Ga. App.* 198 (95 S. E. 736). However, a motion to quash does not question the competency or sufficiency of the evidence which induced the judgment, nor is it a proper method of raising the question as to variance between allegation and proof, it being a demurrer to the accusation. The motion was properly overruled. *Golden* v. *State,* 45 *Ga. App.* 501 (165 S. E. 299) ; *Sessions* v. *State,* 3 *Ga. App.* 13 (59 S. E. 196) ; *Owens* v. *State,* 54 *Ga. App.* 417 (187 S. E. 890) ; *Penn* v. *McGhee,* 6 *Ga. App.* 631 (5) (65 S. E. 686). The defendant also made a motion to quash, on the ground that "the accusation does not set forth the nature of the encumbrance on the property." This ground was raised only in the defendant's brief, and can not be considered by this court.

■ The defendant contends that the instrument was not sufficient to constitute a mortgage or security, and that the money was lent on an unsecured negotiable instrument. The Code, § 67-102, declares: "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." Any language showing an intent to mortgage (creation of a lien) is sufficient. *Horton* v. *Murden,* 117 *Ga.* 72 (2) (43 S. E. 786). As to the matter of descriptive averments of the land intended to be mortgaged, if the descriptive recitals are so definite as to render the tract capable of being located, the averments are sufficient. *Sexton* v. *Burruss,* 146 *Ga.* 685 (92 S. E. 217) ; *Singleton* v. *Close,* 130 *Ga.* 716 (2) (61 S. E. 722) ; *Arrendale* v. *Dockins,* 166 *Ga.* 62 (2), 66 (143 S. E. 570). And as to specification of the debt to secure which it is given, where the mortgage and the note are executed on one sheet of paper and the note is identified in the mortgage as "this note," it is sufficient. See *Watson* v. *Fenn,* 145 *Ga.* 220 (88 S. E. 819) ; *Mason* v. *Parker,* 101 *Ga.* 659 (28 S. E. 985). On the face of the note in the instant case, after reciting the amount, date, payee, maker, etc.,

there appears the following: "For full details see other side." On the back of the note the following appears: "This note is to bear interest at the rate of 7 per cent. Said note is given against my residence at 10 Candler Road, Brookhaven, Georgia. Lucille Daniel." We are of the opinion that the mortgage was legally sufficient to comply with the Code. The statement, "Said note is given against my residence," is sufficient to show an intent to create a lien. The words "10 Candler Road, Brookhaven, Georgia," are so definite as to render the tract capable of being located, and the specification of the debt to secure which it is given is unquestionably sufficient.

We are not unmindful that this court, in *Bolton* v. *State*, 43 *Ga. App.* 759 (159 S. E. 910), and *Tribble* v. *State*, 33 *Ga. App.* 370 (2) (126 S. E. 272), has held to the contrary. However, the Supreme Court, in *McGee* v. *State*, supra, held: "Where a debtor executed to two creditors separate mortgages to secure debts due to them respectively, and it appears that, in procuring the credit to secure which the last mortgage was executed, he represented to the mortgagee that the property mortgaged was unincumbered, such misrepresentation can not be made the basis of a prosecution for cheating and swindling under section 4587 of the Code [§ 26-7401], unless it be shown that, in consequence thereof, the second mortgagee has been in fact defrauded, and that in extending the credit upon the faith of such misrepresentation, he has sustained a loss. . . In such a case, the burden is upon the State, not only to establish the misrepresentation made and credit given, but likewise a loss; and where the evidence shows that the mortgaged property has neither been sold, nor appropriated to the extinguishment of the senior mortgage, there is no such evidence of a loss by the junior mortgagee as will sustain a conviction of the debtor; especially is this true, where the evidence shows that the mortgaged property exceeds in value the aggregate indebtedness represented in both the mortgages, and it does not appear that the senior mortgage is being either claimed against the mortgagor, or enforced against the mortgaged property." It is true that the *McGee* case was a prosecution under what is now § 26-7401, which is a special statute on the crime of cheating and swindling, declaring that "Any person who, by false representation of his own respectability, wealth, or mercantile correspondence and connections, shall obtain

a credit, and thereby defraud any person of any money or other valuable thing, or shall cause or procure others to report falsely of his honesty, respectability, wealth, or mercantile character, and, by thus imposing on the credulity of any person, shall obtain a credit, and thereby fraudulently get into possession of goods or other valuable thing, shall be deemed a cheat and swindler, and shall be punished as for a misdemeanor, and shall be compelled by the sentence of the court to restore to the party injured the property so fraudulently obtained if it can be done;" whereas the instant case is a prosecution under § 26-7410, which declares that "Any person using any deceitful means or artful practice, other than those which are mentioned in part XII of this title, by which an individual, or a firm, or a corporation, or the public is defrauded and cheated, shall be punished as for a misdemeanor." However, under both sections the State must prove an actual pecuniary loss. *Hay* v. *State, 7 Ga. App.* 407 (66 S. E. 984). Therefore we think that the rule laid down in the *McGee* case is likewise applicable to a prosecution under the Code, § 26-7410.

In the instant case it nowhere appears from the evidence that the prosecutor has suffered a pecuniary loss. It does appear that there was a previous loan deed upon the residence of the defendant, dated February 26, 1937, in the amount of $1800, on which was due $1680. The loan in question was made to the defendant on July 26, 1937, in the sum of $500, Mrs. Bertha Zelien lending $450 and Miss Ida Zelien lending $50. The defendant represented to the prosecutors, "I do not owe a dime on it" (the residence), and that the residence at 10 Candler Road was free of any loan or encumbrance. The note in question was due November 15, 1937, and was not paid. About two months before the defendant's arrest Ida Zelien told the defendant that her mother needed the money and the defendant told her that she was not able to pay it back at that time, but would as soon as she was able. On Sunday, July 31, 1938, Mrs. Zelien and Ida Zelien went to Indian Springs, Georgia, where the defendant was working, and stated they needed the money. The defendant told them she would meet them in Atlanta on Tuesday, August 2, and asked Ida to make an appointment for her at the Arcade Beauty Shop for 7:30 a. m. on August 2. When the defendant arrived at the beauty shop she was arrested. It does not appear that the property was valued or was

put up for sale on foreclosure; nor does it appear that the property was appropriated to the extinguishment of the prior loan deed. Where the evidence merely shows that representations were made by the defendant that she owned certain property, and that it was unencumbered by mortgages or liens, and upon the faith of these representations a mortgage was taken, when in fact there was a valid recorded mortgage on the same property, *this alone does not prove loss;* for if both mortgages were foreclosed and the property sold at public outcry, it might bring more than the amount of both debts to secure which the mortgages were given. To hold the defendant guilty of cheating and swindling under such facts would be in effect to imprison her for a debt. The State of Georgia was founded as a haven for those imprisoned for debt, and it has been the policy of this State, from its inception to the present day, to oppose and discourage any action that savours of punishment for debt. The evidence in the instant case did not authorize a conviction, and the judge erred in overruling the certiorari. See generally, *McGee* v. *State,* supra; *Albert* v. *State,* 11 *Ga. App.* 93 (74 S. E. 714) ; *Ganey* v. *State,* 10 *Ga. App.* 777 (74 S. E. 286) ; *Hay* v. *State,* supra; *Busby* v. *State,* 120 *Ga.* 858 (48 S. E. 314) ; *Drought* v. *State,* 101 *Ga.* 544 (28 S. E. 1013) ; *Holton* v. *State,* 109 *Ga.* 127, 131 (34 S. E. 358) ; *McElmurray* v. *State,* 56 *Ga. App.* 392 (192 S. E. 641) ; *Bolton* v. *State,* 43 *Ga. App.* 759 (159 S. E. 910) ; *Brown* v. *State,* 6 *Ga. App.* 329 (64 S. E. 1001) ; *Griffin* v. *State,* 3 *Ga. App.* 476 (60 S. E. 277) ; *Rucker* v. *State,* supra; *Culver* v. *State,* 86 *Ga.* 197 (12 S. E. 746). If there is a conflict between the decisions in the *Bolton* and *Tribble* cases, and the Supreme Court decision in *McGee* v. *State,* supra, the *McGee* case is controlling.

*Judgment reversed. Gardner, J., concurs. Broyles, C. J., dissents.*