34930. BEATY v. THE STATE.

CARLISLE, J. 1. Under Code § 67-9909, "Any person who shall, in the sale or disposing of any property, either real or personal, defraud another by falsely representing that such property is not subject to any lien, knowing the same to be subject thereto, . . . shall be punished as for a misdemeanor." Where the State, upon the trial of one indicted under the foregoing section of the Code, introduced evidence from which the jury was authorized to find that the defendant knowingly sold the prosecutor an automobile upon which there was a prior recorded chattel mortgage, falsely representing to the prosecutor that there were no prior liens on the property, and the prosecutor was forced to pay the chattel mortgage off in order to regain possession of the automobile, a verdict finding the defendant guilty as charged is authorized by the evidence. *French* v. *State,* 4 *Ga. App.* 462 (61 S. E. 836); *Connor* v. *State,* 8 *Ga. App.* 688 (70 S. E. 45); *Bolton* v. *State,* 43 *Ga. App.* 759 (159 S. E. 910); *Tribble* v. *State,* 33 *Ga. App.* 370 (126 S. E. 272); *Brown* v. *State,* 6 *Ga. App.* 329 (64 S. E. 1001).

2. The defendant's contention, that the court's use of the word "think" instead of "believe" in the following excerpt from the charge was erroneous and harmful to the defendant, is without merit: "Now I tell you again that the burden is on the State to prove the material allegations of this indictment beyond a reasonable doubt before you would convict this defendant. If you *think* the State has done that your verdict should be: 'We, the jury, find the defendant guilty.' On the other hand if you *believe* the contentions of the defendant or *believe* the State has not made out a case beyond a reasonable doubt, then, in that event, you would find a verdict for the defendant and the form of your verdict would be: 'We, the jury, find the defendant not guilty.' " Connotatively, the words are synonymous in this charge.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 9, 1954.

*John Henry Poole*, for plaintiff in error.
*J. Bowie Gray, Solicitor-General*, contra.