51157, 51158. FIRST NATIONAL BANK & TRUST COMPANY IN MACON et al. v. THE STATE; and vice versa.

D‍EEN, Presiding Judge.

After the bank repossessed his automobile for various defaults, Taylor's grand jury testimony resulted in indictments against it and two of its employees on February 18, 1975, for the offenses of theft of a motor vehicle, theft of contents, and criminal trespass. No arrests were made prior to indictment, nor was any defendant imprisoned.

Thereafter the defendants moved for a commitment hearing, and the judge of the Superior Court of Berrien County, Alapaha Judicial Circuit, entered an order on April 2 which was filed in the case disqualifying himself and ordering a judge of the Southern Judicial Circuit to hold a commitment hearing and arraignment. The hearing was held, and two of the three indictments were quashed, which judgments are enumerated as error in the cross appeal. The main appeal contends that judgment "committing the defendants to trial" on the remaining indictment was improper.

In *Thrash v. Caldwell,* 229 Ga. 585 (1) (193 SE2d 605) it was held: "Furthermore, since the purpose of the commitment hearing is to determine whether there is probable cause to hold the accused for trial (Code § 27-407), the subsequent indictment, trial, and conviction of the accused render the omission harmless." " 'The

defendant is not deprived of any constitutional right if the grand jury issues an indictment against him prior to the holding of a preliminary hearing. *Johnson v. Plunkett,* 215 Ga. 353 (3) (110 SE2d 745); *Johnson v. State,* 215 Ga. 839 (5) (114 SE2d 35); *Cannon v. Grimes,* 223 Ga. 35 (2, 3) (153 SE2d 445); *Henderson v. State,* 225 Ga. 273 (2) (168 SE2d 160).' *Shields v. State,* 126 Ga. App. 544 (1) (191 SE2d 448)." *Douglas v. State,* 132 Ga. App. 694 (1) (209 SE2d 114). "A committal court would have no jurisdiction to determine whether or not there was probable cause for indictment after the indictment had already been returned." *Johnson v. State,* 215 Ga. 839 (5) (114 SE2d 35). "The appellant was not entitled to be informed of the charges against him prior to trial other than by indictment." *Phillips v. Stynchcombe,* 231 Ga. 430 (3) (202 SE2d 26). " 'The holding of a commitment hearing is not a requisite to a trial for the commission of a felony.' " *State v. Houston,* 234 Ga. 721 (218 SE2d 13). This latter case reverses the Court of Appeals holding that denial of counsel at a pre-indictment commitment hearing authorizes quashing of the indictment, but it affirms that part of the Court of Appeals holding that the commitment hearing is a critical stage. It carefully points out that there *was* a pre-indictment commitment hearing, and it also reiterates the ruling in *Phillips v. Stynchcombe,* supra, that the *holding* of such a hearing is not a requisite to a trial for commission of a felony.

Again reversing the Court of Appeals, the Supreme Court held in *State v. Middlebrooks,* 236 Ga. 52, 55 that "... a preliminary hearing is not a required step in a felony prosecution and ... once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing."

The opinion also cites *Jackson v. State,* 225 Ga. 39 (165 SE2d 711) to the effect that the purpose of a commitment hearing under Code § 27-407 is to determine whether probable cause exists to believe the accused guilty of the crime charged and, if so, to *bind him over to the grand jury.* Even the two dissenting justices "concede that under Georgia's procedure, a person not imprisoned until after indictment has no right to a preliminary hearing."

The Supreme Court of the United States adopts the same reasoning. "It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." Ex Parte United States, 287 U. S. 241, 250.

The judge erred in ruling that a commitment hearing should be held after indictment, and all proceedings thereafter were nugatory.

*Judgment reversed in both cases. Stolz and Webb, JJ., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED FEBRUARY 4, 1976 — REHEARING DENIED FEBRUARY 23, 1976 — 

*Jones, Cork, Miller & Benton, Frank C. Jones, Timothy K. Adams, H. Jerome Strickland, Knight, Perry & Franklin, W. D. Knight, J. Reese Franklin,* for appellants.

*Vickers Neugent, District Attorney,* for appellee.

*Carter Goode, Assistant District Attorney,* amicus curiae.