31119. FIRST NATIONAL BANK & TRUST COMPANY IN MACON et al. v. THE STATE.

HALL, Justice.

We granted the petitioners' application for writ of certiorari to review the decision of the Court of Appeals holding that a superior court does not have jurisdiction to hold a commitment hearing after indictment. See *First National Bank & Trust Co. in Macon v. State,* 137 Ga. App. 760 (1976).

The petitioners contend the Court of Appeals erred in not passing upon the merits of their appeal from an order of the court committing them to trial on an indictment for theft of personal property. We affirm the judgment of the Court of Appeals, but we do so for a different reason.

"The . . . 'purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. Code § 27-407.'" *State v. Middlebrooks,* 236 Ga. 52, 54 (222 SE2d 343) (1976). The same rule applies in the federal courts. See 8 Moore's Federal Practice: Rules of Criminal Procedure, § 5.1.02 (1975); 1 Wright, Federal Practice and Procedure § 80, pp. 134-143 (1969). Once a grand jury has indicted, the state is not required to make a further showing of probable cause. While the trial court has the authority to quash an indictment for defects appearing on its face (*Daniel v. State,* 63 Ga. App. 12 (10 SE2d 80) (1940)), it has

no authority to quash the indictment on the issue of an alleged lack of probable cause. The decision of the committing court ". . . settles nothing as to the guilt or innocence of the defendant." *Hyden v. State,* 40 Ga. 476, 478 (1869). The latter issue can only be determined in a trial by the jury, by the court where a jury is waived, or by the court on a motion for directed verdict.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur specially.*

ARGUED JUNE 14, 1976 — DECIDED JUNE 22, 1976.

*Knight, Perry & Franklin, Jones, Cork, Miller & Benton, Frank C. Jones, Timothy K. Adams, H. Jerome Strickland,* for appellants.

*Vickers Neugent, District Attorney,* for appellee.

GUNTER, Justice, concurring specially.

I concur in the judgment in this case but cannot join the court's opinion.

When this court granted the application for certiorari, we indicated that we were particularly interested in the following issue: "Whether the trial court erred in granting defendants' request for commitment hearing after the grand jury indictments."

We requested briefs and argument on this particular issue because the Court of Appeals had concluded its opinion: "The judge erred in ruling that a commitment hearing should be held after indictment, and all proceedings thereafter were nugatory." 137 Ga. App. 760, 762 (1976).

The court's opinion does not deal with this issue; I think it should be treated; and, therefore, I file this special concurrence.

Petitioners strenuously contend that there is no legal prohibition that prevents a superior court judge in a criminal case from holding a "court of inquiry" hearing after an indictment has been returned by a grand jury. I agree with this contention of the appellants. I think a superior court judge has the power to convene a court of inquiry for the purpose of permitting interrogation of

witnesses by both the state and accused. I agree with the view expressed by Justice Ingram in his dissenting opinion in *Phillips v. Stynchcombe,* 231 Ga. 430, 441 (202 SE2d 26) (1973) where he said: "The commitment hearing is the only formal discovery tool available to the defense in a criminal case in Georgia ... Against the backdrop of this rule, it is easy to see how important a commitment hearing can be to a defendant in a criminal case."

The problem I have with this case is that the presiding judge of a court of inquiry does not, after having held a preliminary hearing, have the power to dismiss two indictments as he did in this case. The court of inquiry also ordered that the petitioners stand trial on a third indictment, and that judgment by a court of inquiry is not, in my opinion, appealable even with a certificate. I therefore join the judgment of the court affirming the result reached in this case by the Court of Appeals.

I want to add, however, that I know of no legal prohibition that would prevent a superior court judge presiding in a criminal case from conducting a pre-trial hearing to clarify and narrow the issues for trial, to permit or require discovery by both the state and the accused, and to rule on contested issues of law. I think the trial judges in this state have the inherent judicial power to do this in the interest of judicial economy and the minimization of the time required for the trial of a criminal case. With the current floodtide of criminal cases, trial judges should be able to utilize every available fair and reasonable procedure that will expedite the trial of a criminal case.

Because of my dissenting opinion in *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976), and reliance on that decision in the opinion of the court in this case, I must say just a bit more about that decision of this court.

The opinion of the court in *Middlebrooks* concluded: "Finally, in no event will we overturn a conviction on direct appeal or on collateral attack because a commitment hearing was denied appellant."

I took the position in my dissenting opinion in *Middlebrooks* that an unindicted, imprisoned person has been accorded a statutory right to a preliminary hearing by the Georgia General Assembly. Code Ann. §§ 27-210,

27-212. And I further took the position that the arbitrary denial of that statutory right violated the Due Process Clause of the Fourteenth Amendment.

In Paul v. Davis, — U. S. — (96 SC 1155, 47 LE2d 405), the Supreme Court of the United States said: "It is apparent from our decisions that there exist a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either 'liberty' or 'property' as meant by the Due Process Clause. These interests attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law, and we have repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter that protected status . . . In each of these cases, as a result of the state action complained of, a right or status previously recognized by state law was distinctly altered or extinguished. It was this alteration, officially removing the interest from the recognition and protection previously afforded by the State, which we found sufficient to invoke the procedural guarantees contained in the Due Process Clause of the Fourteenth Amendment." 47 LE2d 419, 420.

Georgia has unquestionably by statute accorded the right to a preliminary hearing to an imprisoned, accused person, and this court had recognized that right in *Manor v. State,* 221 Ga. 866 (148 SE2d 305) (1966), which was expressly overruled in *Middlebrooks.*

I continue to maintain that the arbitrary denial of a preliminary hearing in Georgia amounts to a deprivation of liberty in violation of the Due Process Clause of the Fourteenth Amendment.

Since I think the decision of the court in *Middlebrooks* was so patently wrong, and since the court relies on that decision in the instant case, I am wholly unable to suppress the additional comments contained in this concurring opinion.

I am authorized to state that Justice Ingram joins in this special concurrence.