## 43990. SPEARS v. JOHNSON.
### (350 SE2d 468)

GREGORY, Justice.

Jesse Lee Spears, Jr., was arrested on July 18, 1986, for violating OCGA § 16-10-73.[1] On July 20, 1986, Spears was taken before a magistrate and advised of his constitutional rights. Bond in the amount of $10,000 was set at that time. Counsel was appointed for Spears on July 28, 1986. On September 3, 1986, Spears filed a petition for habeas corpus, maintaining he was entitled to be released because he had not received a commitment hearing to which he was entitled under OCGA § 17-4-26. A hearing on Spears' habeas petition was held on September 5, 1986, at which time the habeas court reserved decision until briefs could be submitted. On September 10, 1986, the grand jury indicted Spears for violation of OCGA § 16-10-73. Subsequently the habeas court entered an order finding that since Spears had been indicted, the issue of a commitment hearing was rendered moot. The habeas court, therefore, denied Spears' petition for relief. We affirm.

Each error enumerated by Spears relates to the issue of whether he was denied his right to a commitment hearing under OCGA § 17-4-26. The issue of whether Spears was entitled to habeas relief on this ground prior to indictment, see *McClure v. Hopper*, 234 Ga. 45 (214 SE2d 503) (1975), is now moot because Spears has been indicted by the grand jury. *First Nat. Bank &c. Co. v. State*, 237 Ga. 112 (227 SE2d 20) (1976). The "purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury." *State v. Middlebrooks*, 236 Ga. 52, 54 (222 SE2d 343) (1976); OCGA § 17-7-23. Once the grand jury has returned an indictment against the accused, probable cause has been found, and the state is not required to make an additional showing of probable cause. *First Nat. Bank*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1986.

*Ballard, Slade & Ballard, Scott L. Ballard,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, James E. Sherrill,*

---

[1] OCGA § 16-10-73 provides, "Any person except an attorney of record who shall acknowledge or cause to be acknowledged, in any of the courts of the state or before any authorized officer, any recognizance, bail, or judgment in the name of any person not privy or consenting thereto commits the offense of impersonating in a legal proceeding and, upon conviction thereof, shall be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both."

*Assistant District Attorney,* for appellee.