## NEWMAN v. THE STATE.

LUMPKIN, J. 1. The evidence in this case authorized the charge on the subject of incriminating admissions.

(a) Although in one part of the charge the court used the expression, "If the defendant has made any incriminating admission or admissions about the case, or anything in the way of confession, I charge you that they are to be scanned with care and received with great caution, should be voluntarily and freely made without the slightest hope of reward or the remotest fear of punishment," yet, taken in connection with its context, the use of the expression "anything in the way of confession" was not likely to mislead the jury into the belief that the court was charging on the subject of confessions as distinguished from incriminating admissions; and such inadvertent use of the word "confession" will not require a new trial.

(*b*) Immediately preceding the above-quoted excerpt from the charge, the court instructed the jury as follows: "The State has introduced certain evidence, and the court has permitted it to go to you, which it insists amounts to incriminating admissions on the part of the defendant." Immediately following the words so quoted in the previous headnote the court added, "Unless they are so made they should not be received at all; but if they are so made, you may take any incriminating admissions, if any were made by the defendant, and weigh and consider them as a circumstance to aid you, if they do aid you in any way, in determining whether the defendant is the guilty party or whether he is innocent."

(*c*) The omission of the judge to charge to the effect that if the statements made were exculpatory and not inculpatory, the principle announced would not apply, will not, in the absence of a request for such a charge, require a new trial.

2. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
December 18, 1915.

Indictment for murder. Before Judge Wright. Walker superior court. June 22, 1915.

*F. W. Copeland* and *Harris & Harris,* for plaintiff in error.

*Clifford Walker, attorney-general, W. H. Ennis, solicitor-general,* and *Mark Bolding,* contra.