## 48615. HANNAH v. THE STATE.

Deen, Judge. The defendant appeals from a burglary conviction supported by the following facts: Someone had burglarized the home of the prosecutor, who very shortly thereafter located his television set and other equipment in a woods behind his house. Police came immediately on call and set up a watch. When one Parrish carried the television to an automobile being driven by

the defendant, the defendant "pulled off fast because cars were pulling in to try to block him off." One of the police cars then rammed Hannah's car, Parrish jumped and ran but was later caught, and Hannah was apprehended at once. The circumstances are sufficient to support an inference that Hannah was attempting to flee the police car because of guilty knowledge. His presence as driver of the automobile and attempt to take off rapidly when Parrish appeared with the stolen property authorized a charge on conspiracy "as a deduction from acts and conduct, which discloses a common design on [the confederates'] part to act together for the accomplishment of an unlawful purpose." *Chappell v. State,* 209 Ga. 701 (1) (75 SE2d 417). Flight is a circumstance to be considered by the jury, although not enough of itself to establish guilt. *Martin v. State,* 98 Ga. App. 136 (105 SE2d 250). If, however, the jury believed the flight was occasioned by the defendant's knowledge that the television was stolen, then, the theft having been proven and possession in the defendant's car having been proven, these circumstances would sufficiently establish scienter to authorize the conviction if they also believed the theft was pursuant to a common plan or design. Cf. *Dutton v. State,* 228 Ga. 850 (5) (188 SE2d 794).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 12, 1973 — DECIDED OCTOBER 3, 1973.

*J. Donald Bennett,* for appellant.
*Earl B. Self, District Attorney, Wm. Ralph Hill, Jr.,* for appellee.