## 30344. THE STATE v. MIDDLEBROOKS.

HALL, Justice.

We granted the state's application for writ of certiorari to review the decision and judgment of the Georgia Court of Appeals adverse to the state in *Middlebrooks v. State,* 135 Ga. App. 411 (218 SE2d 110) (1975).

Respondent Middlebrooks was arrested on September 1, 1973, and placed in the City of Atlanta jail; he was not taken before a magistrate nor afforded a commitment hearing; he was indicted by a grand jury on September 28, 1973; he was then removed from the city jail to the custody of the Fulton County Sheriff; counsel was then appointed for him, and prior to pleading guilty or not guilty to the indictment, he filed a written motion to quash the indictment for the failure of the state to afford him a commitment hearing; the motion prayed that the indictment be quashed and that he be afforded a commitment hearing; the trial judge conducted a hearing on the motion on November 6, 1973, overruled the motion,

and called the case for trial; the trial began that same day and resulted in conviction; and the Georgia Court of Appeals reversed the conviction saying: "The conviction is reversed, the indictment quashed, and the cause remanded to the trial court to give the defendant his preliminary hearing, after which the case could proceed anew by re-indictment and another trial." *Middlebrooks v. State,* supra.

1. Commitment hearing issues which are presented to us in post-conviction proceedings usually arise in one of two situations. In one, a commitment hearing has been held but at the hearing accused was denied the assistance of counsel; in the other, no commitment hearing has been held at all. This case presents the latter situation, and Coleman v. Alabama, 399 U. S. 1 (1970), is therefore inapposite because it considered only the necessity for counsel at certain "pretrial confrontation[s] of the accused" (id., p. 7), when such a confrontation actually occurred.[1]

Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54) (1975), sets forth in clear and unambiguous language the Fourth Amendment mandates pertaining to pre-trial hearings. First, the Fourth Amendment does not require a full-fledged adversarial commitment hearing.[2] Second, what it does require is some minimal "probable cause" hearing that has nothing to do with whether the accused

---

[1]"The preliminary hearing is not a required step in an Alabama prosecution. The prosecutor may seek an indictment directly from the grand jury without a preliminary hearing . . . under Alabama law the sole purposes of a preliminary hearing are to determine whether there is sufficient evidence against the accused to warrant presenting his case to the grand jury, and, if so, to fix bail if the offense is bailable." Coleman, 399 U. S. 8.

[2]"These adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment. The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing." 43 LE2d 69.

should be prosecuted.[3] Third, the sole question is whether he should be detained pending further proceedings.[4] Fourth, if he is incorrectly detained without a hearing in violation of the Fourth Amendment, while such detention lasts he may be entitled to habeas corpus relief, but in no event will the illegal detention void a subsequent conviction.[5]

2. There is no basis under Georgia law for reversing this conviction because of any failure to hold a commitment hearing under Code Ann. Chs. 27-2 and 27-4. "This court has held on numerous occasions that after indictment and subsequent conviction the lack of a commitment hearing will not be construed as reversible error. See *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26); *Thrash v. Caldwell,* 229 Ga. 585 (193 SE2d 605); *Griffin v. Smith,* 228 Ga. 177 (184 SE2d 459)." *Wynn v. Caldwell,* 231 Ga. 763, 765 (204 SE2d 143) (1974). For a collection of similar holdings see *Douglas v. State,* 132 Ga. App. 694 (209 SE2d 114) (1974). The ". . . purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. Code § 27-407." *Jackson v. State,* 225 Ga. 39, 42 (165 SE2d 711) (1969). Anything to the contrary found in *Manor v. State,* 221 Ga. 866 (2) (148 SE2d 305) (1966) is expressly overruled and will not hereafter be followed.

It is of interest to note that our sister state of

---

[3]". . . we do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute." 43 LE2d 68.

[4]". . . we hold that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest." 43 LE2d 65.

[5]"Thus . . . although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." 43 LE2d 68.

Alabama, in which Coleman arose, has consistently adhered to these same principles of law following Coleman. Jordan v. State, 318 S2d 793 (Ala., 1974), cert. den. 318 S2d 801 (1975). The same rule is applied in prosecutions in the federal courts. United States v. Walker, 491 F2d 236 (9th Cir. 1974), cert. den. 416 U. S. 990; United States v. Stith, 479 F2d 315 (8th Cir. 1973), cert. den. 414 U. S. 845; 1 Wright, Federal Practice and Procedure; Criminal, § 80, p. 138, Preliminary Proceedings, (1969).

We hold that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, in no event will we overturn a conviction on direct appeal or on collateral attack because a commitment hearing was denied appellant.

The judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent.*

ARGUED NOVEMBER 12, 1975 — DECIDED JANUARY 7, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellant.

*James C. Carr, Jr.,* for appellee.

GUNTER, Justice, dissenting.

I disagree with the majority and would affirm the judgment of the Court of Appeals.

My basic disagreement with the majority is that I think a preliminary hearing is a "required step" in a felony prosecution in Georgia if the accused is incarcerated for more than 72 hours before indictment, if the accused seeks a preliminary hearing before pleading to the indictment, and if the accused, of course, does not waive a preliminary hearing. I concede that under Georgia's procedure, a person not imprisoned until after indictment has no right to a preliminary hearing.

My position is that an unindicted, imprisoned person must be accorded a preliminary hearing; such a hearing is required by statutes enacted by the General Assembly; such a hearing is a valuable right accorded to an accused person by Georgia's statutes; and such a hearing is both a "required step" and a "critical stage" in Georgia's criminal procedure.

This was the position that I took in my dissenting opinion in *Phillips v. Stynchcombe*, 231 Ga. 430, 437 (202 SE2d 26) (1973). I adhere to that position. The case at bar places the contrary viewpoints in sharp focus, because here the respondent was imprisoned for 28 days without a preliminary hearing and without an indictment being returned. Before pleading to the indictment the respondent applied in writing to the trial court for a preliminary hearing. He did not waive his statutory right to a preliminary hearing, and the trial judge denied this statutory right and placed the respondent on trial. This case presents a vivid example of what I call "an arbitrary denial by the State of procedural due process of law" mandated by the Fourteenth Amendment to the United States Constitution. When a right is given by a state legislature, as is the case in Georgia in this instance, even though it is not a right guaranteed by the Fourth Amendment, the arbitrary denial of the statutory right violates the Due Process Clause of the Fourteenth Amendment.

The Fourteenth Amendment provides that no state shall deprive a person of his liberty without due process of law. Code Ann. § 1-815. Procedural due process of law, as I understand the constitutional concept, relates to the procedural requirements that must be followed by the state in allowing it to regulate a person's liberty or in allowing it to deprive a person of his liberty. And once a state by statute accords all persons a procedural right to which they are entitled in the regulation of their liberty by the state, an arbitrary denial of such procedural, statutory right to any person is a denial by the state of due process of law.

A Georgia statute gave respondent a right to a preliminary hearing after his arrest. Ga. L. 1956, pp. 796, 797 (Code Ann. §§ 27-210, 27-212). This statute makes a

preliminary hearing for an imprisoned person a "required step" in a criminal prosecution in Georgia. This statute and the provisions of Chapter 27-4 of the Georgia Code make a Georgia preliminary hearing a critical stage in a criminal prosecution insofar as an imprisoned, accused person is concerned.

It is my view that the denial of a preliminary hearing by the trial court in this case was the arbitrary denial of a statutory right accorded to all arrested and imprisoned persons; and such an arbitrary denial, followed by a criminal trial and conviction, makes the conviction a deprivation of liberty without due process of law, a Fourteenth Amendment violation by the State of Georgia.

The decision today by the majority, in my opinion, permits the state, through its police officers, through its attorneys who prosecute criminal cases, and through its trial judges, to arbitrarily deprive a person of his liberty, and the person so deprived, as was the respondent here, has no recourse against the state. I would afford recourse by holding that the conviction in this case is an unconstitutional deprivation of respondent's liberty.

I would affirm the judgment of the Court of Appeals.

I respectfully dissent.

HILL, Justice, dissenting.

I concur in Division 1 of the majority opinion, which holds that the Fourth Amendment does not require an adversarial commitment hearing. Gerstein v. Pugh, 420 U. S. 103, supra.

I agree with the dissent by Justice Gunter to the extent that state law requires an adversarial commitment hearing. Code Ann. §§ 27-210, 27-212, 27-401 et seq.

I am unable to agree with Division 2 of the majority opinion which holds that the denial by the state of the defendant's statutory right to a commitment hearing is, *as a matter of law,* not a required step in a felony prosecution, not reversible error, and not subject to judicial review. Nor am I able to agree with the dissent by Justice Gunter that denial of a commitment hearing renders the defendant's conviction unconstitutional and void as a matter of law, thus requiring the quashing of the

indictment, the holding of a commitment hearing, reindictment and retrial.

The better view in my opinion would be to determine whether the defendant was harmed by denial of his statutory right to commitment hearing. If he was in no way harmed, there is no need to repeat the process. However, if he was harmed (aside from being held in jail pending trial and conviction) by denial of commitment hearing, then the process should be repeated.

Because we deal here with a state statutory right (not a constitutional right), the burden of showing harm should be on the defendant. I would remand this case for a determination of the question of whether the defendant was harmed by being denied a commitment hearing.

I am authorized to state that Justice Ingram joins in this dissent.