## 30169. HANNAH v. STONE.

PER CURIAM.

This appeal is from a habeas corpus judgment that remanded the appellant to custody. Appellant was convicted in the trial court, and his conviction was affirmed on appeal. See *Hannah v. State,* 129 Ga. App. 794 (201 SE2d 339) (1973).

Appellant's application for a writ of habeas corpus contended that his constitutional rights were violated and that his conviction should be vacated because of the fact that at a commitment hearing held prior to his indictment he was not afforded counsel by the committing magistrate although he made such a request. The habeas court conducted a hearing, entered findings of fact and conclusions of law, and rendered a judgment upholding appellant's conviction and sentence.

The findings of fact, in part, were as follows: "The court finds as a matter of fact that a commitment hearing was held while the petitioner was out on bond; that the petitioner appeared and requested that counsel be appointed for him; that he was advised that he did not need an attorney at such hearing and that he was consequently not afforded an attorney despite his request and his claim of indigency. The court finds that the petitioner at the conclusion of the commitment hearing was bound over by the justice of the peace to the grand jury for consideration of an indictment. The petitioner was thereafter indicted and was brought to trial in Walker Superior Court. Following his indictment, counsel was appointed by the court and the petitioner was represented by counsel at the jury trial which resulted in the conviction and sentence of which he complains. Petitioner's sentence was appealed by his court-appointed counsel to the Court of Appeals and was affirmed. The court finds that the issue of whether or not the petitioner

had counsel at the commitment hearing and whether or not the lack of such counsel was in any way prejudicial to him was never raised until the filing of this petition. The court finds that the fact that the petitioner had no attorney at the commitment hearing was in no way prejudicial to him and had no bearing on his conviction by the jury at the trial where he had counsel."

The conclusions of law found by the habeas judge were: "The preliminary or commitment hearing was a critical stage of the proceedings against the petitioner and he was at that time entitled to assistance of counsel upon his request. Counsel was not afforded petitioner at the commitment hearing in violation of his constitutional rights. Such violation was harmless, should have been raised at trial level, and does not require vacating the sentence of Walker Superior Court. The petitioner is now serving legal sentences and should be remanded to the custody of the warden."

This court held in *State v. Houston,* 234 Ga. 721 (218 SE2d 13) (1975), that "a commitment hearing is a critical stage of the criminal proceedings and . . . the defendant is entitled to counsel." P. 723. See also *State v. Hightower,* 236 Ga. 58. The habeas court was therefore correct in holding that the appellant was entitled to be represented by counsel at his commitment hearing.

We now come to the questions of waiver and harmless error. See *State v. Hightower,* supra. The record here shows that there was no reporting of or transcript made of appellant's commitment hearing. The record also shows that the transcript of the appellant's trial was not introduced in evidence at the habeas hearing or considered by the habeas judge.

Under these circumstances we do not believe that the issues of waiver and harmless error could be legitimately determined by the habeas court.

We therefore vacate the judgment below and remand the case to the habeas court for a rehearing and re-determination of the issues of waiver and harmless error in the light of *State v. Hightower,* supra.

*Judgment reversed and remanded with direction. All the Justices concur, except Nichols, C. J., and Gunter, J., who concur in the judgment only, and Undercofler, P. J.,*

*who dissents.*

SUBMITTED JULY 22, 1975 — DECIDED JANUARY 8, 1976.

*Brown, Katz, Dasher & Flatau, S. Phillip Brown,* for appellant.
*Arthur K. Bolton, Attorney General,* for appellee.