30325. TARPKIN et al. v. THE STATE.

JORDAN, Justice.

Appellants, Johnny and Robert Tarpkin, were found guilty of the murder of Joseph Gillespie, automobile theft and armed robbery, and were sentenced to life imprisonment and two consecutive sentences of seven and twenty years. Their motion for new trial being overruled, they now appeal to this court.

1. Appellants claim to have been denied their right to a commitment hearing prior to their indictment by the trial court's denial of their motion for a preliminary hearing.

However, the record reveals that appellants were arrested on January 16, 1975, and the next day brought before a justice of the peace, who after hearing the evidence committed appellants to the Jackson County Jail until their trial. Code Ann. § 27-210 (Ga. L. 1956, p. 796) grants the right to a preliminary hearing, and that the accused at least be brought within 72 hours of his arrest before a committing officer to schedule the time and place for the hearing. *Dodson v. Grimes,* 220 Ga. 269 (138 SE2d 311) (1964). The procedures to be followed at the hearing are set forth at Code Ann. Ch. 27-4. Code Ann. § 27-401 provides that any justice of the peace may hold a court of inquiry to examine the accusation against a person legally arrested and brought before him, and Code Ann. § 27-407 provides that the court of inquiry's duty shall be to determine whether there is sufficient reason to suspect the guilt of the accused and to commit him where probable cause exists. The record shows that appellants'

hearing was properly conducted pursuant to these statutory provisions.

The record reveals, however, that appellants were not represented by counsel at the preliminary hearing. In Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1969), the U. S. Supreme Court held that the preliminary hearing pursuant to Alabama's statute was a critical stage of the state's criminal process, giving the accused the right to counsel at the hearing. This court has recently held that there is no substantial difference in the Alabama and Georgia preliminary hearing statutes, extending the right to counsel to Georgia commitment hearings. *State v. Houston,* 234 Ga. 721 (218 SE2d 13) (1975).

As directed by Coleman, we must determine whether or not the error is harmless pursuant to the standard in Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1966), where the court declared that before a federal constitutional error can be held harmless, the error must be found to be harmless beyond a reasonable doubt. Id., p. 24. We must therefore determine whether the lack of counsel at the commitment hearing "might have contributed to the conviction." Id., p. 23. The appellants' subsequent convictions render moot the possibility that counsel at the commitment hearing would have exposed a fatal weakness in the state's case which might have led the committing officer not to bind them over. We have been unable to discover from the record any vital opportunity to impeach state witnesses, or the need to preserve favorable testimony which was lost by a lack of counsel at the hearing. Appellants have not complained that a lack of knowledge of the state's case prevented them from preparing a proper defense, nor that insanity of one of them required that an early psychiatric examination be given. See Coleman, supra, p. 9. We are therefore unable to determine from the record how the lack of counsel at the commitment hearing might have contributed to appellants' conviction in this case, and find the error to be harmless beyond a reasonable doubt. See *State v. Hightower,* 236 Ga. 58.

2. Appellants allege error in the trial court's overruling of their motion for discovery and disclosure of

all statements made by appellants in connection with the charged offenses.

The denial of appellants' motion for discovery did not deny the appellants a fair trial within the rule in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), as they have not met their burden of showing how their case has been materially prejudiced. The evidence which they sought to inspect was introduced to the jury in its entirety, and therefore any favorable evidence was made available to the jury. See Hicks v. State, 232 Ga. 393, 396 (207 SE2d 30) (1974). Appellants' argument that the evidence was needed in order to prepare a proper defense has no merit since the evidence requested were statements made by appellants themselves.

3. In his charge on circumstantial evidence the trial judge instructed the jury as follows: "When circumstantial evidence is relied upon to establish a fact, the evidence must be such as to reasonably establish the theory relied upon to preponderate to that theory rather than to any other reasonable hypothesis." The trial judge then correctly charged the jury on circumstantial evidence pursuant to Code Ann. § 38-109, and on the standard of proof beyond a reasonable doubt. Appellants contend that the charge as given would tend to mislead the jury into convicting them on the standard of a preponderance of the evidence.

In Woods v. State, 233 Ga. 495 (212 SE2d 322) (1975) and Pless v. State, 231 Ga. 228 (200 SE2d 897) (1973), identical charges given in similar circumstances were held to be harmless error. We reach the same conclusion here since a reading of the entire charge given to the jury discloses that they were correctly and completely charged on the standard of proof to be applied in a criminal case.

4. Appellant complains that the following charge to the jury instructed the jury to make a legal rather than factual determination: "If you are legally satisfied, from the proof of acts and conducts submitted to you, that there was a conspiracy or common intent, proof of those acts and conduct would be just as effectual to establish the existence of a conspiracy as proof of expressed agreement."

In considering the entire charge as we must do, it

appears that the jury was fully instructed as to their duties as exclusive judges of the facts, and more than once the jury was instructed that they must weigh the facts and apply them under the rules of law given to them in the charge. As to the specific issue of conspiracy, the court charged the jury that they were to determine the existence of a conspiracy from the facts. After viewing the entire charge we cannot accept the contention that the possibly inadvertent use of the words "legally satisfied" in the charge is such as to mislead and confuse the jury as to their role and duty in deliberation. See *Newman v. State*, 144 Ga. 494 (87 SE 398) (1915).

Appellants also contend that the trial judge expressed his opinion as to the verdict he thought proper by charging the jury only on the form of the verdict should they find defendants guilty, i.e., "We, the jury, find the defendant guilty." Again, by looking to the charge to the jury as a whole, we conclude that the omission of the not guilty form of verdict was not an expression of the judge's opinion to the jury. Immediately following the instruction enumerated by appellants the trial judge asked the jury, "Do you understand that you must find them guilty or not guilty of all three counts in this indictment?" and later concluded with, "You must return a verdict on all three counts, either guilty or not guilty." These excerpts presented the jury with both guilty and not guilty options, and confirm our conclusion that the trial judge expressed no opinion as to the verdict he thought proper.

The case sub judice is distinguishable from *Williamson v. Floyd County Wildlife Assn.,* 216 Ga. 760 (119 SE2d 344).

5. In their final enumeration of error, appellants raise the general grounds.

As to Robert Tarpkin's conviction of armed robbery this enumeration of error is meritorious. The evidence supports a finding that in the commission of the armed robbery murder "with malice aforethought" was committed. It further supports the findings that Robert Tarpkin was a part of the conspiracy to commit armed robbery, and that the murder was a probable consequence of the armed robbery. Therefore, under the law of this state, Robert Tarpkin, as a co-conspirator, is equally

responsible for the murder although he was not present at the killing but remained outside in an automobile in aid of their escape. *Callahan v. State,* 209 Ga. 211 (71 SE2d 86) (1952); *Gore v. State,* 162 Ga. 267 (134 SE 36) (1926); *Berryhill v. State,* 151 Ga. 416 (107 SE 158) (1921).

However, under these circumstances the armed robbery offense is a lesser included offense of the murder conviction, requiring that Robert Tarpkin's conviction of armed robbery be vacated. *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975). See Code Ann. § 26-505 (a) (Ga. L. 1968, pp. 1249, 1267) and Code Ann. § 26-506 (a) (Ga. L. 1968, pp. 1249, 1267). His conviction of murder is supportable only because he was a conspirator in the armed robbery, and because the murder was a probable consequence of the armed robbery. Therefore, every element of the armed robbery offense must be proved in order to convict him of murder, making the armed robbery in this case a lesser included offense of the malice murder.

As to the remaining convictions of appellants, the evidence is sufficient to support the guilty verdicts.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only, and Gunter, J., who dissents.*

SUBMITTED SEPTEMBER 19, 1975 — DECIDED JANUARY 8, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Paris & Burkett, Richard J. Burkett,* for appellants.
*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.