### 52021. STRICKLAND v. THE STATE.

Bell, Chief Judge.

Defendant was convicted of voluntary manslaughter. *Held:*

1. The evidence authorized the conviction.

2. It is claimed that the court erred in failing to charge the jury that the burden of proof was on the state, to satisfy their minds, beyond a reasonable doubt, of the guilt of the defendant. The court did charge: "Every

person is presumed innocent until proven guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." In *Bryant v. State,* 153 Ga. 534 (113 SE 4) where the trial court had charged to the same effect as here, it was held that the omission to charge that the burden of proof was on the state was not error.

3. The trial court did not err in the absence of a written request to explain and define the concept of reasonable doubt. *Battle v. State,* 103 Ga. 53 (29 SE 491); *Payne v. State,* 233 Ga. 294, 311 (210 SE2d 775).

4. As there was no written request to charge, no error was committed in failing to charge that the fact that an indictment was returned by the grand jury against the defendant should not be considered as evidence of defendant's guilt. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

5. Defendant challenges the propriety of the court's charging on murder when the defendant was indicted only for voluntary manslaughter. The instruction was explanatory of the term of "murder" as used in the definition of the offense charged, voluntary manslaughter. See Code § 26-1102. Immediately following this part of the charge the jury was reminded that the defendant was charged only with this lesser degree of unlawful homicide.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED APRIL 5, 1976 — DECIDED JUNE 8, 1976.

*Jim L. Wilson, Thomas H. Pittman,* for appellant. *Glenn Thomas, District Attorney,* for appellee.