### 31345. DAY v. THE STATE.

JORDAN, Justice.

Gary Lamont Day appeals his convictions of armed robbery and aggravated battery, and sentences of life imprisonment for the armed robbery and 15 years for the aggravated battery.

The Pantry Pride Super Market in Albany was robbed by a man brandishing two guns. He shot one of the employees of the market in the neck, which caused the employee's paralysis. The appellant was identified as the robber by three employees of the market.

1. The first enumerated error contends that the trial judge erred in denying the ground of the appellant's motion for new trial which asserted that the committal judge erred in refusing to allow the appellant's attorney to question witnesses subpoenaed on his behalf at the commitment hearing.

The second enumerated error contends that it was error to deny the plea in abatement and motion to quash the indictment based on the denial of his right to submit

evidence and to testify at the commitment hearing.

At the commitment hearing one of the employees of the Pantry Pride Super Market testified concerning the manner in which the robbery was perpetrated, and identified the appellant as the robber. This witness was cross examined by the appellant's attorney. The judge conducting the hearing then concluded that there was enough evidence to bind the appellant over to the grand jury, and refused to hear any evidence from the witnesses subpoenaed by the appellant. Thereafter the grand jury indicted the appellant for the offenses of armed robbery and aggravated battery.

The appellant had the statutory right to present evidence at the commitment hearing. Code Ann. § 27-405 (Ga. L. 1962, pp. 453, 454; 1973, pp. 292, 293). The question for determination in this case is whether the error committed at the preliminary hearing can be made the basis of a reversal of the appellant's conviction after indictment and trial.

The members of this court are divided in their views concerning the purpose of the preliminary hearing in a criminal prosecution. A majority of the court in *State v. Middlebrooks,* 236 Ga. 52, 54 (222 SE2d 343) (1976), held that the purpose of a commitment hearing is simply to determine whether there is probable cause to believe that the accused is guilty of the crime charged and to bind him over for indictment by a grand jury; and that, once an indictment is obtained, there is no judicial review of the decision to prosecute because of any failure to hold a commitment hearing. The majority of the court in the *Middlebrooks* case refused to overturn a conviction on appeal because of the denial of a commitment hearing to the appellant.

It is consistent with the ruling in *Middlebrooks* to hold in the present case that an imperfect commitment hearing (one in which the appellant was not allowed to examine persons who were potential witnesses for the state on the trial, subpoenaed by the appellant for the purpose of discovery), did not authorize the trial judge to quash the indictment or grant the appellant a new trial.

There is, therefore, no merit in the first two enumerated errors.

2. Enumerated error 3 asserts that the trial judge erred in overruling the ground of the motion for new trial complaining of the denial of a mistrial on the basis that "the Assistant District Attorney had gone into the fact that a defense witness failed to testify in behalf of the appellant at a preliminary hearing when, in fact, the appellant was barred from presenting any witnesses whatsoever which fact the Assistant District Attorney knew."

The appellant presented a number of alibi witnesses. When one of these witnesses, a sister of the appellant, was on cross examination, the assistant district attorney asked her whether she came to the police and told them that her brother was with her at the time the crime was committed, and she replied that she did not. He then asked: "Did you come to the preliminary hearing and testify?" Counsel for the appellant objected because the appellant was denied the right to present testimony at the preliminary hearing. The trial judge directed the witness to answer the question, and she replied in the negative. Further questions were asked her, and counsel for the appellant made a motion for mistrial, one of the grounds being that this alibi witness was questioned about whether she came to the commitment hearing, when a commitment hearing was not allowed the appellant. The motion for mistrial was denied.

It was a legitimate subject of cross examination to inquire why this *witness* did not disclose the facts to which she testified prior to the trial. She was not offered as a defense witness at the commitment hearing. The fact that the appellant was not permitted to present any evidence at the hearing would not require the grant of a mistrial when this witness was questioned about coming to the preliminary hearing and testifying. The recent case of Doyle v. Ohio, 19 Crim. L. Rep. 3125 (June 16, 1976) indicates harmful error only when examination as to prior silence is directed toward a *defendant*.

3. Enumerated errors 4 and 5 contend that it was error to overrule grounds of the motion for new trial complaining that the court denied the appellant's motion to suppress identification testimony; and denied his pre-trial motion to suppress identification testimony on

the basis that it was not a proper matter for pre-trial hearing or suppression.

(a) The trial judge properly refused to entertain the pre-trial motion to suppress identification testimony. *Pass v. State,* 227 Ga. 730 (7) (182 SE2d 779) (1971); *Baker v. State,* 230 Ga. 741 (1) (199 SE2d 252) (1973); *Jarrell v. State,* 234 Ga. 410 (3) (216 SE2d 258) (1975).

(b) During the trial the appellant sought to suppress identification testimony of one of the state's witnesses on the ground that she initially identified the appellant from a group of photographs, and that his photograph had been obtained from him by the police department without his consent.

Under the evidence submitted on this motion to suppress the trial judge was authorized to find that the following occurred: On the night before the crime was committed with which the appellant was charged, members of the police department had the occupants of an automobile under surveillance because they thought the occupants were "casing" a liquor store in preparation to rob it. The automobile was parked and the armed men proceeded toward the liquor store. The policemen maintained their positions and the armed men ran and abandoned the automobile. It was towed to the police station and a holster, some stocking caps, and tapes were found in the front seat. The appellant later came to the police station and claimed this automobile. A police detective asked him if he might photograph him, and the appellant consented to being photographed.

The trial judge did not err in denying the motion to suppress the identification testimony.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 9, 1976.

*Beauchamp & Hedrick, William H. Hedrick, John M. Beauchamp,* for appellant.

*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

GUNTER, Justice, dissenting.

The appellant was arrested pursuant to a warrant that concluded: "The above is base [sic] on tentative identification of defendant via photographic line-up by witnesses." A court of inquiry was convened "to examine into an accusation against" the appellant. Code Ann. § 27-401. Appellant was represented at the commitment hearing by counsel. Code Ann. § 27-403 provides that a reasonable time shall be given to the accused or the prosecutor for the preparation of his case before a court of inquiry, "and in no event shall the defendant be forced to trial without the aid of counsel, if there be a reasonable probability of his securing counsel without too great delay."

Code Ann. § 27-405 provides that a court of inquiry "shall hear all legal evidence submitted by either party." The presiding judge of the court of inquiry heard the testimony of one witness, and then, over the objection of appellant, refused to hear the testimony of witnesses subpoenaed by the appellant. The court of inquiry was then adjourned, and an order of commitment was entered.

Appellant was thereafter indicted, and, prior to his arraignment, he filed a plea in abatement and motion to quash the indictment on the ground that his statutory and constitutional rights were arbitrarily denied in the preceding court of inquiry proceedings.

The trial judge denied the plea and motion and proceeded with arraignment and the trial. It was at this point, prior to arraignment, that I think error was committed, and I think all subsequent proceedings including appellant's conviction were fatally infected by this error. On the basis of this record the trial judge should have, prior to arraignment, convened a court of inquiry over which he should have presided, and appellant should have been accorded his statutory rights. To arbitrarily deny those statutory rights is, in my view, a denial of due process of law and equal protection of the law. I therefore think that the appellant's conviction in this case was unconstitutional in that the procedures that produced it violated the Due Process and Equal Protection Clauses of both the Federal and Georgia Constitutions.

The majority opinion in this case, relying on *State v.*

*Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976), says that an imperfect commitment hearing "did not authorize the trial judge to quash the indictment or grant the appellant a new trial." I agree that the trial judge was not authorized to quash the indictment; but the appellant complained in the trial court, before arraignment, that his statutory rights had been arbitrarily denied by the court of inquiry; and he further complained that to place him on trial without rectifying the violation would be a continuing violation of his statutory rights that in turn would amount to due process and equal protection violations. The criminal trial was thereby infected by the arbitrary denial, and the conviction was unconstitutional.

I think the court's decision in *Middlebrooks* and the decision in this case today are open invitations to courts of inquiry and to trial judges presiding in criminal trials to arbitrarily deny statutory rights accorded to accused persons by the Georgia legislature. I would reverse the conviction in this case. See my separate opinions on this subject in: *Phillips v. Stynchcombe,* 231 Ga. 430, 437 (202 SE2d 26) (1973); *State v. Middlebrooks,* 236 Ga. 52, supra (1976); *State v. Hightower,* 236 Ga. 58, 63 (222 SE2d 333) (1976); and *First National Bank &c. Co. v. State,* 237 Ga. 112, 113 (227 SE2d 20) (1976).

I respectfully dissent.

HILL, Justice, dissenting.

The decision in *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976), is not applicable to this case.

In January, 1976, this court decided four cases relating to commitment hearings: *State v. Middlebrooks,* supra; *State v. Hightower,* 236 Ga. 58 (222 SE2d 333); *Hannah v. Stone,* 236 Ga. 65 (222 SE2d 362); and *Tarpkin v. State,* 236 Ga. 67 (222 SE2d 364).

The facts in *Middlebrooks* were that no commitment hearing had been held at all. The facts in the other three cases were that a commitment hearing had been held but the accused had been denied the right to counsel. In *Middlebrooks* the majority wrote (236 Ga. at 53): "Commitment hearing issues which are presented to us in post-conviction proceedings usually arise in one of two

situations. In one, a commitment hearing has been held but at the hearing accused was denied the assistance of counsel; in the other, no commitment hearing has been held at all. This case presents the latter situation. . .”

In the case now before us a commitment hearing was held and thus this case presents the former situation. In this case the judge conducting the hearing refused to hear any evidence from the witnesses subpoenaed by the accused. Thus this accused was denied the right to assistance of counsel (*Hightower, Hannah, Tarpkin,* supra), and the state has not shown that this constitutional error was harmless beyond a reasonable doubt.