32007. BALDWIN et al. v. SAPP.

NICHOLS, Chief Justice.

Appellants were arrested and charged with aggravated assault and armed robbery. A commitment hearing was held on December 7, 1976. After hearing one witness for the prosecution and one for the defense, the justice of the peace found probable cause for the

appellants' arrest and bound them over. Several other defense witnesses had been subpoenaed, but the justice of the peace declined to hear from them.

Appellants filed a pre-indictment habeas corpus petition in superior court, alleging that they had been denied their right to present evidence at the commitment hearing under Code § 27-405 and that consequently their commitment to the custody of the sheriff was unlawful. The appeal is from the trial court's order denying relief after a hearing. The appellants have subsequently been indicted.

Appellants are correct in their contention that error was committed at the preliminary hearing by the denial of their right to call witnesses and present evidence. See *Day v. State,* 237 Ga. 538, 539 (228 SE2d 913) (1976). However, a majority of the court in *Day* also held that such an error in a preliminary hearing does not in and of itself afford grounds for relief where the defendant is subsequently indicted by a grand jury. *Day v. State,* supra, at p. 539. See *State v. Middlebrooks,* 236 Ga. 52, 54 (222 SE2d 343) (1976). Accordingly, appellants have not shown that they suffered any harm from the defective commitment hearing. If, as appellants contend, they have been injured by the denial of an opportunity to preserve testimony favorable to them or otherwise, this may be established only upon the trial of the case.

*Judgment affirmed. Undercofler, P. J., Jordan and Hall, JJ., concur. Ingram and Hill, JJ., dissent.*

ARGUED MARCH 15, 1977 — DECIDED APRIL 6, 1977.

*Eric G. Kocher,* for appellants.

HILL, Justice, dissenting.

I agree with the majority that error was committed at the preliminary hearing, but I do not agree with the conclusion that this is not reversible error. *Day v. State,* 237 Ga. 538 (228 SE2d 913) (1976), was a post-indictment, post-conviction appeal while this is a habeas corpus action filed prior to indictment. In *McClure v. Hopper,* 234 Ga. 45, 48 (214 SE2d 503) (1975), we specifically said that

although denial of a commitment hearing was "not ground for post-conviction habeas corpus due to mootness, denial of commitment hearing would be ground for pre-indictment habeas corpus."

I am authorized to state that Justice Ingram joins in this dissent.