## 31984. WALKER v. CITY OF ATLANTA.

HALL, Justice.

This is an appeal from the denial of a writ of habeas corpus in the Superior Court of Fulton County.

Appellant was arrested in Atlanta on November 2, 1976 at the Peachtree Plaza Hotel and charged with criminal trespass and possession of illegal drugs. On December 7, 1976 the appellant was bound over to the Fulton County Grand Jury upon a finding of probable cause for both offenses at a commitment hearing. On December 17, 1976, prior to indictment, appellant filed a writ of habeas corpus, alleging insufficient evidence at the commitment hearing. An order was subsequently issued, restraining the Fulton County District Attorney from presenting appellant's case to the grand jury prior to the habeas hearing. The habeas hearing was held on December 20, 1976. Upon hearing of argument, the writ was denied and the restraining order was dissolved. On December 21, 1976, prior to indictment, the appellant

filed her notice of appeal. The Fulton County Grand Jury indicted the appellant for criminal trespass and violation of the Georgia Controlled Substances Act later that same day. On December 22, 1976 this court denied appellant's motion to dismiss, motion for supersedeas, or in the alternative, motion to quash.

Appellant's enumerations of error on appeal deal solely with aspects of her commitment hearing; in particular, that there was insufficient evidence as a matter of law to bind her over to the grand jury. Since the appellant was indicted on December 21, 1976, no useful purpose could now be served by remanding this case for a finding as to whether there was sufficient probable cause found at the commitment hearing to bind her over for indictment. "Once a grand jury has indicted, the state is not required to make a further showing of probable cause." *First Nat. Bank &c. Co. v. State,* 237 Ga. 112 (227 SE2d 20) (1976). See also *State v. Middlebrooks,* 236 Ga. 52 (2) (222 SE2d 343) (1976). In addition, any error made at the commitment hearing has no effect on the legality of the indictment under which appellant is presently detained. *Baldwin v. Sapp,* 238 Ga. 597 (1977); *Day v. State,* 237 Ga. 538, 539 (228 SE2d 913) (1976); *Allen v. Caldwell,* 231 Ga. 442 (1) (202 SE2d 35) (1973). Therefore, any challenge appellant had to the commitment hearing process became moot as soon as she was indicted.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., and Jordan, J., concur. Ingram and Hill, JJ., dissent.*

SUBMITTED MARCH 11, 1977 — DECIDED APRIL 21, 1977 — REHEARING DENIED MAY 11, 1977.

*Keenan & Calcagno, Scott D. Sanders,* for appellant.
*Lewis R. Slaton, District Attorney, Donald J. Stein, Jack Mallard, Assistant District Attorneys,* for appellee.

INGRAM, Justice, dissenting.

I dissent because the majority opinion does not answer appellant's contention that the state failed to establish probable cause at the commitment hearing to bind appellant over to the grand jury on the crime of

criminal trespass. The majority opinion holds this issue is moot as appellant has now been indicted. These issues were raised and decided adversely to appellant in the court below before indictment and they deserve an answer from this court.

It does not take much evidence to establish probable cause but surely it must take some; otherwise, the probable cause requirement of the law is no requirement at all. In this case, appellant was bound over to the grand jury solely on the hearsay testimony of a police officer who had no personal knowledge of the incident in question. In my opinion, this amounts to no evidence at all and probable cause was not shown on the criminal trespass charge.

If the officer had seen the crime committed or the state had produced any other competent witness who could testify from personal knowledge the commitment judge would have had a sufficient evidentiary basis to find probable cause.

Code Ann. § 27-405 plainly says, among other things, that, "[t]he [commitment] court shall hear all *legal* evidence submitted by either party." (Emphasis supplied.) Legal evidence does not include hearsay evidence.

I feel bound to apply the Georgia statute as written and, therefore, dissent to the majority opinion.

I am authorized to state that Justice Hill joins in this dissent.