## 57612. ZACHARY v. THE STATE.

DEEN, Chief Judge.

Ronald Zachary was tried before a jury on four counts of violating the Georgia Controlled Substances Act. The trial court directed a verdict as to Count 1 and the jury returned guilty verdicts as to the other three counts. This appeal is brought from the denial of appellant's motion for a new trial

1. Appellant first contends that his motion for a new trial should have been granted because his motion for a directed verdict and the trial court's ruling on the motion were not reported

In ruling upon the motion for a new trial, the trial court recognized that such a motion had been made at trial and stated his ruling upon it. While Code Ann. § 6-805 (d) requires all motions and rulings thereon to be reported and transcribed on appeal, appellant has not shown how this omission was harmful to him. See *Watts v. State,* 141 Ga. App. 127 (232 SE2d 590) (1978). A review of the transcript amply supports the trial court's ruling granting a directed verdict as to Count 1 and denying it as to the remaining counts. In the absence of an allegation that the transcript is inaccurate or that a dispute exists as to the court's ruling, the failure of the court reporter to record the motion and ruling appears to be harmless error.

2. Appellant next contends that the trial court incorrectly charged on reasonable doubt and the presumption of innocence. Absent a request to charge upon reasonable doubt, the trial court is not required to define the concept. *Strickland v. State,* 138 Ga. App. 842 (227 SE2d 396) (1976). There is also no merit in

appellant's argument that the court erred in failing to charge that the presumption of innocence remains with a defendant in the nature of evidence until rebutted by proof satisfying the jury beyond a reasonable doubt. The Supreme Court has merely ruled that giving such a charge is not error, not that such a charge is required to be given. *Reeves v. State,* 241 Ga. 44 (243 SE2d 24) (1978). The charge as given on the presumption of innocence and reasonable doubt was correct and adequate.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 5, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Robert T. Efurd, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.