## 59209. THE STATE v. EVERETT.

McMURRAY, Presiding Judge.

On June 3, 1979, Kevin Todd Everett was charged with the offense of "loitering." Approximately one hour later "the same police officer was dispatched to the scene of an accident at a location different from that where the loitering took place," and charged the same defendant with driving under the influence. On June 27, 1979, the defendant appeared in the Magistrate's Court (a part of the State Court of Cobb County, *Andrews v. State,* 239 Ga. 531 (238 SE2d 73)) "for the charge of loitering, paid a fine, and completed that case." Thereafter, on August 8, 1979, defendant again appeared in the Magistrate's Court for the charge of driving under the influence. He entered a plea in bar contending that the basis of the accusation (No. 22392) arose out of the same conduct as that of "[c]itation No. 22391" for the offense of "loitering" for which he appeared in court, paid a fine, and completed the case. He contended in the plea that Code Ann. § 26-506 (b) (Ga. L. 1968, pp. 1249, 1267) required that if several crimes "arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and

are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided ..." where the court in the interest of justice may order the charges tried separately. The court heard evidence, citations of authority and argument of counsel and granted the plea barring the prosecution of the driving under the influence charge. The state appeals, contending the plea should not have been granted inasmuch as there were two different offenses occurring at two different times and at two different locations not constituting multiple prosecutions for the same conduct under Code Ann. § 26-506, supra. *Held:*

Despite the fact that the trial court stated that evidence was heard, no transcript of the evidence has been brought to this court. There are several different statutes making "loitering" a crime, and in some instances counties and municipalities may proscribe "loitering" by ordinances. See Code Ann. § 26-2023 (Ga. L. 1979, p. 131, effective February 19, 1979). Without a transcript of the proceedings here we have no way of determining whether the two offenses ("loitering" and driving under the influence) arose from the same conduct known to the same prosecuting officer in this instance. We have only the trial court's order sustaining the plea in bar that the same officer made the charges but at a different location and approximately one hour later. The plea in bar contends that the charge of loitering was "[c]itation number 22391" and that Georgia Uniform Traffic Citation, Summons, Accusation No. 22392 "arose from the same conduct and transaction and are within the knowledge of the prosecuting officer," and that the state should be barred from further prosecution of the defendant after he had appeared in court, paid a fine and completed his case for the offense of "loitering." The record before this court without any transcript simply fails to disclose that this was a "prosecution of two different offenses occurring at two different times and at two different locations" as contended in the state's enumeration of errors and that it does not constitute multiple prosecutions for the same conduct. The evidence would disclose the circumstances as to whether or not the two offenses arose out of the same conduct. The record does disclose that it was the same prosecuting officer who issued the citations. Without the transcript we must assume that the prosecution of the same was within the jurisdiction of the same court and arose out of the same conduct. See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475). Compare *Keener v. State,* 238 Ga. 7, 8 (230 SE2d 846). Under the findings of fact as set forth by the trial court it is stated the same police officer who had charged defendant with the offense of "loitering" charged the same defendant with driving under the influence one hour later at a location different from that where the loitering took place. However,

without a transcript of the evidence we must assume that the trial court was authorized to grant the plea in bar. See *Graham v. Haley,* 224 Ga. 498 (3), 500 (162 SE2d 346). The burden is on the complaining party to have the record and transcript completed in the trial court under the provisions of Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24). None of the methods set forth therein for the preparation of a transcript have been used in the case sub judice. Accordingly, we must affirm the judgment as there is nothing for the appellate court to review here. See *Zachary v. State,* 245 Ga. 2 (262 SE2d 779) (1980), affirming *Zachary v. State,* 150 Ga. App. 388 (258 SE2d 158) and cases cited therein.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 16, 1980 — DECIDED JULY 3, 1980.

*Herbert A. Rivers, Solicitor, Richard B. Kuniansky,* for appellant.

*Roy E. Barnes,* for appellee.