## 61091. BANKS v. THE STATE.

McMurray, Presiding Judge.

The defendant and another were indicted for the offenses of armed robbery (Count 1) and kidnapping (Count 2). The defendant was tried and convicted of robbery and kidnapping. The co-defendant, having pleaded guilty upon the state's having made a recommendation that he be sentenced to a term of 15 years, to serve 10 years, testified against this defendant, implicating him fully in the crimes charged. However, on cross examination co-defendant admitted that he had given a false name when arrested and that the statement he gave the police on the morning he was arrested was not a voluntary statement because he had been physically injured before giving the statement and that he was presently serving a sentence for theft by receiving. Defendant contends this evidence required that he be granted a new trial.

The defendant was sentenced to serve a term of 20 years concurrently as to each count. A motion for new trial was thereafter filed, heard and denied. *Held:*

1. In addition to the testimony of the co-defendant/co-conspirator there was an eyewitness identification of the defendant as one of the two men who abducted the victim. Two more eyewitnesses testified that they saw the defendant and his companion exit the victim's automobile and they then found the victim locked in the trunk of the automobile. While the defense sought to attack the credibility of the co-defendant/co-conspirator who testified against this defendant, the credibility of all the witnesses was within the province of the jury which apparently believed the state's witnesses and was unimpressed with the defendant's version of what transpired. See *Brown v. State,* 150 Ga. App. 831 (1) (258 SE2d 641); *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423).

In consideration of the general grounds of the motion for new trial we have carefully reviewed the entire record and transcript and find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt as to the offenses of kidnapping and robbery. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). The trial court did not err in denying the motion for new trial based on general grounds as the evidence was sufficient to support the verdict of guilty. See *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468); *Allen v. State,* 150 Ga. App. 109, 111 (4) (257 SE2d 5).

2. Defendant next contends that the definitions of aggravated assault and simple battery should have been charged as lesser

included crimes under the crime of kidnapping. However, there was no written request for this charge made at the trial. Here there was no evidence of an aggravated assault and battery by this defendant although the victim was held by the co-defendant when she was seized and her keys to the automobile were taken from her. Under *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354), it is stated that the trial judge may of his own volition and in his discretion charge on a lesser crime than that included in the indictment but his failure to do so without a written request is not error. The case cited by the defendant, that is, *Williams v. State,* 238 Ga. 244, 246 (7) (232 SE2d 238), merely states that aggravated assault and simple battery convictions in that case were included offenses of kidnapping *with bodily harm* as a matter of fact. Here the defendant was not charged with kidnapping *with bodily harm.* Further, the testimony does not disclose that this defendant intentionally made physical contact with the victim when she was seized by the co-defendant/co-conspirator witness, although he was a party to any crime committed by the co-defendant. However, as no written request to charge was made we find no error.

3. The next enumeration of error is a contention by the defendant that he was not represented by counsel at the pre-indictment hearing. We find nothing in the record in regard to this claim nor was same raised during the trial. Hence there is nothing for this court to review. *State v. Everett,* 155 Ga. App. 162, 164 (270 SE2d 345). But assuming same were in the record no harmful error has been shown. See in this connection *State v. Middlebrooks,* 236 Ga. 52, 54 (1) (2) (222 SE2d 343); *Baldwin v. Sapp,* 238 Ga. 597 (234 SE2d 513). We find no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1981.

*Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.