### 69058. MITCHELL v. THE STATE.
(327 SE2d 537)

Beasley, Judge.

The defendant appeals his conviction for three counts of armed robbery. *Held*:

1. It is contended that the defendant was denied due process and equal protection of the law since he was not provided counsel at his preliminary hearing.

Defendant was arrested on December 1, 1982. On January 18, 1983, the district attorney's office was notified by mail that defendant's present counsel had been retained to represent him, thus replacing appointed counsel. Although a preliminary hearing was scheduled for February 7, 1983, the State requested and received a continuance. On February 9, 1983, during the regular scheduled motion docket at which time the defendant's bond was set, after consultation with counsel the trial judge re-set the preliminary hearing for Friday, February 11, 1983, a date agreed to by his counsel, at 1:30 p.m. On that date, upon notification by the State that it had been advised that defendant's counsel would not be present, the court made a determination to proceed with the preliminary hearing in the absence of defense counsel as the witnesses were present.

Counsel for defendant now urges that holding the hearing in his absence is reversible error. Although he cites the state constitution as well as the federal, he points to no specific provision of it and does not address it in argument but rather pursues the latter. The cases he cites construe and apply the federal constitutional mandate. We will therefore consider the invocation of the state constitution as abandoned. Court of Appeals Rule 15 (c) (2); *Cotton v. State*, 161 Ga. App. 734 (289 SE2d 547) (1982).

After the decision in *Coleman v. Alabama*, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1969), our Supreme Court examined and explained the necessity of counsel at the preliminary hearing, a critical stage of criminal proceedings. *State v. Houston*, 234 Ga. 721 (218 SE2d 13) (1975). While a preliminary hearing is not a required step in a felony prosecution (*State v. Middlebrooks*, 236 Ga. 52, 54 (222 SE2d

343) (1976)), if a hearing is held counsel must be provided. *Hannah v. Stone*, 236 Ga. 65 (222 SE2d 362) (1976); OCGA § 17-7-24. However, if counsel is not afforded, there is no cause for reversal if the court finds such error harmless beyond a reasonable doubt, the standard in *Chapman v. California*, 386 U. S. 18, 23 (87 SC 824, 17 LE2d 705) (1966). *State v. Hightower*, 236 Ga. 58 (222 SE2d 333) (1976); *Tarpkin v. State*, 236 Ga. 67, 68 (222 SE2d 364) (1976). Defendant admits as much. The court must "determine whether the lack of counsel at the commitment hearing 'might have contributed to the conviction.' " *Tarpkin*, supra. The burden, of course, is on the state. *State v. Hightower*, supra at 60-61.

*Coleman v. Alabama*, 399 U. S. 1, 9, supra, pointed out possible benefits which could accrue to a criminal defendant by having legal representation at a preliminary hearing. One of the benefits is the early exposure of a fatal weakness in the state's case. In *Tarpkin*, supra, it was held that the subsequent conviction of defendant renders moot the possibility that counsel at the preliminary hearing would have exposed such a weakness. Testing as well the other factors outlined in *Coleman*, the absence of counsel here did not cause the defendant to miss a vital opportunity to: 1) gather impeachment evidence (defendant had the hearing transcript and used it to cross-examine at trial, and no identification evidence was elicited at trial from the other preliminary hearing witness); 2) secure and preserve favorable testimony which might be unavailable at trial (no preliminary hearing witness was unavailable at trial); 3) discover the prosecution's case (defendant's counsel was given the State's file to examine at the bond hearing two days prior to the preliminary hearing); 4) advance arguments regarding bond or the need for a psychiatric examination (bond motion had been heard two days earlier, and mental competency was not an issue in the case).

We observe that the cases cited relate primarily to situations in which an indigent defendant has not had counsel appointed to represent him prior to the commitment hearing. Here the defendant had representation but counsel advised only the district attorney he was not available for the hearing, after having agreed before the court to the date. For the purpose of this decision no distinction has been made and the question has been limited to the basic fact that defendant did not have counsel present at the preliminary hearing.

The defendant's enumeration of error establishes no basis for reversal, inasmuch as the lack of counsel "did not contribute to the verdict obtained." *State v. Hightower*, supra at 61.

2. Counsel for defendant urges that the in-court identification of the defendant by one of the victims should not have been permitted because such identification was tainted by prior pretrial identification procedures which were impermissibly suggestive.

*Neil v. Biggers,* 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), requires not only that pretrial identification be impermissibly suggestive but that as a result there is a likelihood of misidentification such that the accused's right to due process would be violated. The crucial ingredient is whether under the totality of circumstances the identification was reliable even though the confrontation procedure was suggestive. Citing *Biggers,* 409 U. S. 188, supra, this court reiterated the five factors in *Smith v. State,* 160 Ga. App. 60 (286 SE2d 45) (1981): "1) the opportunity of the witness to view the criminal at the time of the crime, 2) the witness' degree of attention, 3) the accuracy of the witness'. prior description of the criminal, 4) the level of certainty demonstrated by the witness at the confrontation, and 5) the length of time between the crime and the confrontation."

Here the facts related by the victim showed: 1) ample opportunity to observe the defendant during the crime's commission; 2) a great deal of alertness and attention to detail regarding the crime; 3) a description given to a law enforcement officer shortly after the crime which accurately fitted the defendant's age, weight and height; 4) although the witness testified as to some uncertainty regarding the defendant's identity during the preliminary hearing, she explained this at the time of trial by saying she had not been uncertain at all but gave equivocal prior statements because of fear for her life; 5) the photographic displays which the witness viewed were shown her not later than shortly before defendant's arrest, about two months after the robbery.

We therefore find no substantial likelihood of irreparable misidentification. *Stroud v. State,* 246 Ga. 717, 719 (273 SE2d 155) (1980).

3. In view of the fact that defendant's counsel had been employed for four months prior to the trial, the trial court did not abuse its discretion in denying defendant's motion for continuance based on inadequate time to prepare a defense. *Brown v. State,* 140 Ga. App. 160 (2) (230 SE2d 128) (1976); *Hill v. State,* 161 Ga. App. 346 (1) (287 SE2d 779) (1982).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 27, 1985.

*Mitchell A. Gross,* for appellant.
*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.