22634. DODSON v. GRIMES, Sheriff.

ARGUED SEPTEMBER 16, 1964—DECIDED SEPTEMBER 28, 1964.

*Walter M. Henritze, Jr.,* for plaintiff in error.

*William T. Boyd, Solicitor General, John I. Kelley, Solicitor, Loy W. Milam, J. Walter LeCraw,* contra.

ALMAND, Justice. Roy Dodson sought by his petition a writ of habeas corpus for his release from the custody of Ralph Grimes, Sheriff of Fulton County. He alleged that he was being held in custody by reason of a warrant issued on June 6, 1964, by a justice of the peace, accusing him of attempted rape. He asserted that (a) he was innocent of any crime, (b) the warrant was void on its face and, (c) he had been held for over 72 hours without a committal hearing. Attached to the petition was a copy of the affidavit of the prosecutrix, specifying the time, place and facts of the alleged offense; the warrant issued on June 6, 1964, by a justice of the peace for the arrest of the petitioner and an unsigned appearance bond stating that a committal hearing was set before the justice of the peace issuing the warrant for June 11, 1964. On the day the committal hearing was set, the petitioner filed his petition for the writ of habeas corpus. The hearing was had on the same day the petition was filed. After the hearing the court passed the following order: "It is hereby ordered that the petitioner, Roy Dodson, be given a hearing not later than 2:00 P.M., June 12, 1964, in the Justice of the Peace Court at College Park, Georgia. Unless the above ordered hearing is delayed by providential cause and is not held, it is the order of this court that the petitioner, Roy Dodson, be released."

■ It is contended that the failure of the magistrate who issued the warrant to hold a committal hearing within 72 hours rendered the detention illegal under the Act of 1956 (Ga. L. 1956, p. 796; *Code Ann.* § 27-210) in that he was arrested on June 6 and the hearing was set for June 11 which was not within 72 hours after the arrest. The Act of 1956 requires the officer making an arrest under a warrant to present the person arrested before a committing officer within 72 hours after arrest, and to notify the accused as to when and where the committal hearing is to be held. This Act does not provide that the committing magistrate shall have a hearing within 72 hours after the arrest. The facts here show that the arresting officers did bring the

petitioner before the magistrate within 72 hours after the arrest. The fact that the magistrate set the hearing more than 72 hours after the arrest did not make petitioner's detention illegal.

■ The affidavit and warrant as to the time, place and description of the alleged offense complied with the provisions of *Code* §§ 27-103.1, 27-104, 27-105, as amended by Ga. Laws 1962, p. 668.

The court in its order provided that the petitioner be given a hearing on June 12th and "unless the above hearing is delayed by providential cause and is not held, it is the order of this court that the petitioner, Roy Dodson, be released." The record is silent as to whether a hearing was or was not held. In the absence of such facts it is to be presumed that either (a) the order was complied with or (b) if not, the petitioner was released. The gist of the petitioner's complaint was that he was entitled to a hearing or to be released. The court in its order directed a hearing and if he was not accorded a hearing he was to be released. In these circumstances neither of the presumptions is refuted or neutralized, and it not appearing that the petitioner was harmed or injured, the order of the trial judge, must be and is

*Affirmed. All the Justices concur.*