## 57011. SIMS v. THE STATE.

WEBB, Judge.

Convicted for the crime of armed robbery, Gregory Sims has enumerated some 28 alleged errors. Two questions are presented, namely, did the trial court err in failing to provide the accused with a preliminary hearing, and did the trial court commit reversible error as to the accused's right to discovery? We answer both in the negative, and affirm.

1. Failure to grant a preliminary hearing is not reversible error. *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343) (1976). In that case the Supreme Court said: "We hold that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, in no event will we overturn a conviction on direct appeal or on collateral attack because a commitment hearing was denied appellant."

2. There is no Georgia statute or rule of practice

which requires discovery in criminal cases. *Henderson v. State,* 227 Ga. 68, 77 (179 SE2d 76) (1970); *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30) (1974). Here, however, the accused's counsel had access to the state's entire file. The accused has shown no harmful error.

3. All other alleged errors were presented either without argument and authority, or have no merit. Rule 18(c) (1) and (2).

*Judgment affirmed. Bell, C. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED JANUARY 15, 1979 — REHEARING DENIED JANUARY 23, 1979 — 

*Ford & Ford, Michael C. Ford, Hill, Jones & Associates, Joseph Jones, Jr.,* for appellant.

*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.