## 58865. ALBERT v. THE STATE.

BANKE, Judge.

Appellant was convicted at a jury trial of armed robbery, attempt to commit armed robbery, two counts of kidnapping, two counts of aggravated assault, attempted

rape, and possession of a firearm during the commission of a crime. He was acquitted of a motor vehicle theft charge. He appeals the denial of his motion for new trial. *Held:*

1. Appellant enumerates as error the lack of a preliminary hearing. "We hold that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing." *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343) (1976); *Sims v. State,* 148 Ga. App. 733 (252 SE2d 910) (1979).

2. Next enumerated as error is the denial of appellant's motion to suppress the identification testimony given by the two victims. The latter had observed the appellant in the front of his house two days after the commission of the crimes and prior to a lineup at which the appellant was identified as the perpetrator. The pre-lineup identification occurred as police drove the victims through certain areas of town in the hopes of locating the type of van driven by the perpetrator.

In Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968), the United States Supreme Court held that identification testimony must be excluded where there has been an impermissibly suggestive pretrial identification which gives rise to a substantial likelihood of irreparable misidentification. In this case, the victim's pretrial identification of the appellant was a complete happenstance, unarranged by police. Furthermore, both victims had provided detailed descriptions of the appellant on the night of the incident. Thus, it cannot be said that the in-court identification was tainted, and the trial court did not err in admitting it. See generally Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Gravitt v. State,* 239 Ga. 709 (239 SE2d 149) (1977).

3. The appellant complains of the admission of evidence which identified him as the perpetrator of a previous armed robbery for which he had already been tried and acquitted. In order for evidence of independent crimes to be admissible, it must show that the defendant was in fact the perpetrator, and the two offenses must be sufficiently similar so that proof of one tends to prove the

other. *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976); *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). The evidence may be admitted even where the defendant is acquitted of the earlier offense. *Taylor v. State,* 174 Ga. 52 (162 SE 504) (1931); *Rivers v. State,* 147 Ga. App. 19 (1) (248 SE2d 31) (1978). Both these requirements were met in the case before us. The evidence establishing the prior attack showed it to be strikingly similar to the attack for which the appellant was on trial. Both occurred at night at a time when the appellant's wife was out of town; all of the victims were high school students; and both attacks commenced in a similar manner with similar words spoken by the assailant. Thus, we hold that the evidence was properly admitted.

4. Also enumerated as error is the trial court's refusal to charge on timely written request that if the appellant were acquitted by reason of insanity ". . . the law of this state provides that it shall thereupon become the duty of the trial judge to retain jurisdiction of the person and to order the person to be confined in a state hospital for the mentally ill . . ." Appellant contends this charge is mandated by Code Ann. § 27-1503 and was approved by the Georgia Supreme Court in *Lamb v. State,* 241 Ga. 10 (243 SE2d 59) (1978). That statute provides as follows: "(a) In all criminal trials in any of the courts of this state wherein an accused shall contend that he was insane or mentally incompetent under the law at the time of the act or acts charged against him were committed, the trial judge shall instruct the jury that, in case of acquittal on such contention, the jury shall specify in their verdict that the accused person was acquitted because of mental incompetence or insanity at the time of the commission of the act . . ." The Code section contains other provisions concerning the duty of the trial judge when such a verdict is returned and requires the defendant's hospitalization. While the language in *Lamb v. State,* supra, appears to support appellant's contention that the latter provision must also be charged, a careful reading of *Hulsey v. State,* 233 Ga. 261 (210 SE2d 797) (1974); *Johnston v. State,* 232 Ga. 268 (206 SE2d 468) (1974); and *Pierce v. State,* 231 Ga. 731 (204 SE2d 159) (1974), upon which *Lamb* was based, persuades us that the only mandatory portion of the

statute deals with the form of the verdict. The remaining portions of the statute concern matters which are not pertinent to the jury's determination of guilt or innocence and which the court has no duty to charge. Accordingly, we find no error in the refusal of the appellant's request.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED NOVEMBER 16, 1979 — REHEARING DENIED DECEMBER 5, 1979 — 

*Robert L. Hartley,* for appellant.
*Stephen Pace, Jr., District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.