### 69153. TAYLOR v. THE STATE.
(329 SE2d 625)

DEEN, Presiding Judge.

The appellant, William M. Taylor, was convicted of sodomy and child molestation, for which he received sentences of life imprisonment and ten years' imprisonment, respectively. Taylor brings this appeal *pro se*.

1. Taylor contends that the trial court erred by failing to charge the jury as to the form of the verdict after the defense of insanity was interposed in the case. Although the trial court charged the jury on insanity, the court did not give the charge on the verdict form contained in OCGA § 17-7-131 (c).

Review of the record discloses that upon concluding its charge to the jury, the trial court inquired of the counsel: "Is there anything you wish to say in connection with the charge?" Taylor's counsel responded: "No sir. I thought it was clear and distinct."

"In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow

the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White* [*v. State*, 243 Ga. 250 (253 SE2d 694)], of reserving the right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal." *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Indeed, the instant case presents perhaps the clearest example of waiver.

In addition, the charge as given by the trial court did provide sufficient and proper guidelines for determining Taylor's guilt or innocence, with regard to the defense of insanity, and the trial court's omission of the specific Code section from its charge was not error. See *Yeargin v. State*, 164 Ga. App. 835, 838 (298 SE2d 606) (1982).

2. The trial court did not err in denying Taylor's motion for a directed verdict of acquittal. The evidence is overwhelming as to the completed sexual activity with which Taylor was charged. A psychiatrist, appearing as an expert witness for the defendant, testified that the defendant's behavior in molesting children was not intentional and that he had not been cured of pedophilia. The psychiatrist also testified that he did not consider him a criminal at all, and he further stated that the difference between right and wrong was not an issue with the appellant's behavior. Compare the right-wrong standard with that of determinism, which some psychiatrists advance as a theory of predetermined choice. *Shirley v. State*, 149 Ga. App. 194, 195, 201 (253 SE2d 787) (1979).

The psychiatrist in the instant case indicated that defendant's activities with children would somehow rid him of his curse, which, in this case, was his mother's teasing. He stated further that defendant was not under a delusion as to what he was doing with the victims in this case. The jury was authorized to reject all or any part of this expert's testimony and instead rely on the general presumption of sanity, and could have believed the child's testimony as to the detailed sexual offenses committed by the defendant. See *Moses v. State*, 245 Ga. 180 (263 SE2d 916) (1980). The evidence was certainly sufficient to enable a rational trier of fact to find Taylor guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The appellant's remaining enumerations of error are without merit.

*Judgment affirmed. McMurray, P. J., Pope, Benham, and Beasley, JJ., concur. Banke, C. J., McMurray, P. J., Carley, Pope, and Beasley, JJ., concur specially. Birdsong, P. J., and Sognier, J., dissent.*

BEASLEY, Judge, concurring specially.

The law in effect at the time of the crimes and the time of trial was Ga. L. 1977, p. 1295 (Ga. Code § 27-1503, now substantially the same, in OCGA § 17-7-131).[1] In pertinent part it read: "Plea of insanity or mental incompetency at the time of the crime. — (a) In all criminal trials in any of the courts of this state wherein an accused shall contend that he was insane or mentally incompetent under the law at the time of the act or acts charged against him were committed, the trial judge shall instruct the jury that, in case of acquittal on such contention, the jury shall specify in their verdict that the accused person was acquitted because of mental incompetence or insanity at the time of the commission of the act. . . ."

Defendant filed what was designated "Special Plea of Insanity," but it confused or embraced two pleas recognized by the law at the time. His plea stated: "Now comes the Defendant by his counsel and without waiving his general plea of not guilty hertofore entered, enters this his special plea to the Indictment and says that at the time of the acts charged in the Indictment against him he was suffering under a delusional compulsion within the definition of Section 703 of the Criminal Code of Georgia, that at the times charged he did not have the mental capacity to distinguish between right and wrong as defined in Section 702 of said Code and for the aforementioned reasons he is entitled to an acquittal."

The defense of *delusional compulsion* invoked by defendant was governed by Ga. Code § 26-703 "Delusional compulsion. A person shall not be found guilty of a crime when at the time of the act, omission, or negligence constituting the crime, *such person, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist* committing the crime." Ga. L. 1968, pp. 1249, 1270. (Emphasis supplied.)

The law with respect to *insanity* was in Ga. Code § 26-702, and provided: "Mental capacity; insanity. A person shall not be found guilty of a crime, if at the time of the act, omission, or negligence constituting the crime, *such person did not have mental capacity to distinguish between right and wrong in relation to such act*, omission, or negligence." Ga. L. 1968, pp. 1249, 1270. (Emphasis supplied.)

In addition to the usual charges with respect to verdicts of guilty or not guilty, the court continued to charge on the verdict and carefully outlined the special plea as being an additional defense, quoting the two Code sections 702 and 703 and describing what the jury must

---

[1] The crimes were committed and defendant was tried in 1979. This case comes up at this time because in 1984, defendant filed a *pro se* motion for out-of-time appeal, which was granted.

find "in order for you to find that the defendant was not guilty by reason of insanity. . . ." Then, after assuring the jury that it was the sole judge and should discount any perceived opinion of the court, and briefly summarizing the jury's duty, the court instructed that the verdict should be in writing, on the back of the indictment, and that it should be unanimous.

Counsel was satisfied with the charge and stated that it was "clear and distinct." This was in keeping with the charge conference earlier, wherein Code section 27-1503 (a) was discussed and the court indicated that it would give the charge in substance.

This case is in the same category as the situation in *Johnston v. State*, 232 Ga. 268, 272 (5) (206 SE2d 468) (1974): "The appellant also complains that the trial court erred in not charging Code Ann. § 27-1503 involving acquittal because of insanity. The substance of Code Ann. § 27-1503 was sufficiently charged and where this is done it is not necessary to charge the statute in haec verba. [Cits.]"

Moreover, the jury by its verdict found defendant guilty beyond a reasonable doubt of the two crimes on which he was indicted. By the court's charge, the jury clearly had the defenses of insanity *and* delusional compulsion to weigh as well as the general defense of not guilty, and appellant does not contend otherwise. It was therefore harmless error, if any, not to expressly state that *in case of acquittal* because of mental incompetency or insanity, the jury should specify in the verdict that that was the basis for acquittal. If the jury had acquitted defendant for this reason, failing to understand that they had to so specify expressly on the verdict form, the defendant would have been released unconditionally rather than be subject to confinement in a mental hospital and possible civil commitment. The obvious requirement for the specificity is so that, if the jury accepts the defendant's defense of insanity or delusional compulsion, which it did not here, the result is not outright and immediate release but rather the state's continued jurisdiction of the person to assure mental treatment if necessary. Defendant's argument is one that befits the state instead, when a "not guilty" verdict is returned.

I am authorized to state that Chief Judge Banke, Presiding Judge McMurray, Judge Carley, and Judge Pope join in this special concurrence.

SOGNIER, Judge, dissenting.

I respectfully dissent. Appellant's sole defense in this case was insanity. OCGA § 17-7-131 (c) provides: "In all criminal trials in any of the courts of this state wherein an accused shall contend that he was insane or otherwise mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge *shall* instruct the jury that they may consider, in addition to

verdicts of 'guilty' and 'not guilty,' the additional verdicts of 'not guilty by reason of insanity at the time of the crime' and 'guilty but mentally ill at the time of the crime.'" (Emphasis supplied.) Not only does the wording of the statute make it mandatory that the court instruct on these possible verdicts, but this court and our Supreme Court have held that the cited portion of the statute is mandatory. *Albert v. State*, 152 Ga. App. 708, 710-711 (4) (263 SE2d 685) (1979); *Aldridge v. State*, 247 Ga. 142, 143 (274 SE2d 525) (1981).

"While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the . . . failure to give instructions to the jury [cit.] this does not relieve him from the necessity of . . . making timely objection in the trial court on the failure to give instructions, *except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.*" (Emphasis supplied.) *Spear v. State*, 230 Ga. 74, 75 (1) (195 SE2d 397) (1973); *Thomas v. State*, 234 Ga. 615, 618 (216 SE2d 859) (1975); *Yeargin v. State*, 164 Ga. App. 835, 838 (8) (298 SE2d 606) (1982). In my opinion, the instant case falls within the exception set forth in these cited cases, as the court's omission to give the mandatory charge was clearly harmful and erroneous as a matter of law, and failed completely to give the jury proper guidelines for determining guilt or innocence. Under such circumstances the waiver rule is not applicable. *Spear, Thomas, Yeargin*, supra. While an appellant may waive his own rights under certain circumstances, the majority has cited no authority, and I am aware of none, which authorizes a criminal defendant to waive a requirement imposed on a trial *court* by statute and judicial decision. As the failure to give a mandatory charge is an error of law, I would reverse.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED MARCH 15, 1985 —
REHEARING DENIED MARCH 29, 1985 — 

William M. Taylor, *pro se.*
Robert E. Wilson, *District Attorney*, Barbara B. Conroy, *Assistant District Attorney*, for appellee.