A92A0306. THE STATE v. GODFREY et al.
(418 SE2d 383)

SOGNIER, Chief Judge.

Leonard Godfrey and Walter Davis, Jr. were arrested pursuant to warrants and charged with trafficking in cocaine. Bond and preliminary hearings were set for both. Prior to the dates designated for their preliminary hearings, Godfrey and Davis were indicted by a grand jury and neither preliminary hearing took place. The trial court granted the motions to dismiss their indictments filed by Godfrey and Davis prior to trial, and the State appeals. See OCGA § 5-7-1 (1).

The trial court based its ruling on its finding that appellees had not been "accorded a probable cause hearing before a magistrate within seventy[-]two hours as required by OCGA § 17-4-26," and that the Clarke County District Attorney's practice of canceling preliminary hearings when indictment either had occurred or was imminent violated appellees' constitutional right to due process of law guaranteed by the Fifth and Fourteenth Amendments to the U. S. Constitution. We agree with the State that this ruling was in error, and we

reverse.

Although the commitment hearing is a "critical stage" of criminal procedure entitling a defendant to counsel, *Coleman v. Alabama*, 399 U. S. 1, 9-10 (90 SC 1999, 26 LE2d 387) (1970), failure to hold such a hearing does not constitute a deprivation of a defendant's constitutional rights. A criminal defendant has no constitutional right to a commitment hearing. *Hunt v. Hopper*, 232 Ga. 53, 54 (205 SE2d 303) (1974). Rather, the right to such a hearing is statutory, governed in Georgia by OCGA § 17-4-26. That statute provides that "[e]very law enforcement officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest. The arresting officer shall notify the accused as to when and where the commitment hearing is to be held. An arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released." The 72-hour limit in the statute has been interpreted as applying only to the time within which a defendant must be brought before a magistrate, and not to the time within which a probable cause hearing must be held. *Dodson v. Grimes*, 220 Ga. 269, 270 (1) (138 SE2d 311) (1964). Thus, a magistrate need not hold a commitment hearing at the time an accused is brought before him within 72 hours of arrest. Id.

Moreover, it is well established in this state that a commitment hearing is not a required step in a criminal proceeding and failure to hold one is not reversible error. *State v. Middlebrooks*, 236 Ga. 52, 55 (222 SE2d 343) (1976). Accord *Albert v. State*, 152 Ga. App. 708, 709 (1) (263 SE2d 685) (1979); *Sims v. State*, 148 Ga. App. 733 (252 SE2d 910) (1979). The purpose of a preliminary commitment hearing is to determine whether there is probable cause to believe the accused guilty. "Its function is to authorize the keeping in custody of one accused with probable cause of committing a crime, pending determination by the grand jury from evidence presented to it that he should stand trial for the offense." *Blake v. State*, 109 Ga. App. 636, 640 (137 SE2d 49) (1964). If a defendant wishes to assert the right to a commitment hearing, he must do so promptly and before indictment by filing a habeas corpus petition, *McClure v. Hopper*, 234 Ga. 45, 48 (2) (214 SE2d 503) (1975), because once indictment takes place probable cause has been established and a preliminary hearing serves no purpose. *Spears v. Johnson*, 256 Ga. 518 (350 SE2d 468) (1986).

Thus, pretermitting the question whether dismissal of the indictment may ever be a proper remedy for failure to hold a preliminary hearing, given the circumstances present here, we hold that the trial court erred by dismissing these indictments.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1992 —
RECONSIDERATION DENIED APRIL 24, 1992 —

Harry N. Gordon, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney, for appellant.
Cook, Noell, Tolley & Aldridge, Edward D. Tolley, Bruce S. Harvey, Jeffrey R. Davis, for appellees.