S07A1306. TIDWELL v. PAXTON.

(651 SE2d 714)

MELTON, Justice.

On February 13, 2007, Jerry Tidwell was arrested without a warrant for possession of methamphetamine with intent to distribute. On February 14, 2007, Tidwell was taken for his first appearance before a magistrate judge who issued an arrest warrant for the crime and set Tidwell's commitment hearing for March 26, 2007. On March 7, 2007, Tidwell filed a pre-trial petition for habeas corpus, arguing that he should be released from custody because he had not received a commitment hearing within 48 hours of his arrest pursuant to OCGA § 17-4-62.[1] The habeas court denied Tidwell's petition in a written order filed on March 21, 2007, and this appeal ensued.

Tidwell's appeal has now become moot. After this appeal was filed, Tidwell was indicted by a grand jury on May 7, 2007. "[O]nce an indictment has been returned against a defendant, the question of whether a commitment hearing should have been held becomes moot." (Citation omitted.) *Ross v. Lemacks*, 264 Ga. 839 (452 SE2d 109) (1995). Therefore, this appeal must be dismissed.

Although we do not reach the merits of Tidwell's case, we note that, in making his argument to this Court, Tidwell relied on a parenthetical in a footnote in the analogous case of *Boyd v. St. Lawrence*, 281 Ga. 300, 301, n. 3 (637 SE2d 687) (2006), which states, in its entirety:

See *Ross v. Lemacks*, 264 Ga. 839 (452 SE2d 109) (1995) (although OCGA § 17-4-26[2] provides that a defendant must

---

[1] OCGA § 17-4-62 provides:

In every case of an arrest without a warrant, the person arresting shall, without delay, convey the offender before the most convenient judicial officer authorized to receive an affidavit and issue a warrant as provided for in Code Section 17-4-40. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose; and any person who is not brought before such judicial officer within 48 hours of arrest shall be released.

[2] OCGA § 17-4-26 provides:

Every law enforcement officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest. The accused shall

be released from custody if not provided a commitment hearing within 72 hours of his arrest pursuant to a warrant, a defendant's indictment moots question of whether he should have been brought before a judicial officer within 72 hours).

This parenthetical, however, is not accurate. OCGA § 17-4-26 requires that "the person arrested [be brought] before a committing judicial officer within 72 hours after arrest." It does not require a commitment hearing within that time. In *Dodson v. Grimes*, 220 Ga. 269, 270 (1) (138 SE2d 311) (1964), we held that OCGA § 17-4-26

does not provide that the committing magistrate shall have a hearing within 72 hours after the arrest. The facts here show that the arresting officers did bring the petitioner before the magistrate within 72 hours after the arrest. The fact that the magistrate set the hearing more than 72 hours after the arrest did not make petitioner's detention illegal.

To the extent that the language in footnote 3 of *Boyd v. St. Lawrence* conflicts with this holding, it is hereby disapproved. See also *Dean v. State*, 250 Ga. 77, 81 (2) (b) (295 SE2d 306) (1982) (OCGA § 17-4-62 "is satisfied where . . . police obtain an arrest warrant within 48 hours of a valid warrantless arrest.").

*Case dismissed. All the Justices concur.*

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED NOVEMBER 5, 2007.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney, Paul J. Dzikowski*, for appellee.

---

be notified as to when and where the commitment hearing is to be held. An arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released.