# Court of Appeals
# of the State of Georgia

ATLANTA,  August 29, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0114.  WILLIAM M. TAYLOR v. THE STATE.

William M. Taylor was convicted of aggravated sodomy and child molestation. His convictions were affirmed on appeal.  *Taylor v. State*, 174 Ga. App. 323 (329 SE2d 625) (1985).  He was released on parole but his parole was revoked in 1989 after he committed a new offense.  In 2016, Taylor filed a petition for post-conviction relief and an extraordinary motion for new trial.  The trial court denied both the petition and the motion, and Taylor filed this direct appeal.  We, however, lack jurisdiction.

After a criminal conviction has been affirmed, a defendant seeking to challenge his conviction has three available remedies: he may "file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus, OCGA § 9-14-40." *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009).  None of these remedies support the instant appeal.

To the extent Taylor's pleadings constituted an extraordinary motion for new trial, he was required to follow the discretionary appeal procedures to obtain appellate review of the trial court's denial.  See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).  Taylor's pleadings cannot be construed as a motion in arrest of judgment, because he did not challenge the sufficiency of his indictment.  See *Motes v. State*, 262 Ga. App. 728, 729 (586 SE2d 682) (2003) ("A motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of a crime.").  Finally, Taylor's pleadings cannot be construed as a request for habeas relief because they were filed in his criminal

case, not in his county of incarceration.  See OCGA § 9-14-43.

Under the circumstances, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.  See *Balkcom*, 227 Ga. App. at 332 (dismissing appeal from denial of extraordinary motion for new trial); *Harper*, 286 Ga. at 218 (2) (dismissing appeal from denial of motion to vacate a criminal conviction).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __08/29/2017__
  *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
  *Witness my signature and the seal of said court* hereto affixed the day and year last above written.



_____ , *Clerk.*